**Robert John ARNDELL,**
**Plaintiff-Appellant,**

v.

**WARDEN, NEVADA STATE PRISON,**
**Defendant-Appellee.**

No. 76–1403.

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1977.

Jos. Michael Biasella, Jr., San Jose, Cal., submitted brief for plaintiff-appellant.

Robert List, Atty. Gen., State of Nevada, Carson City, Nev., submitted brief for defendant-appellee.

Before TRASK, WALLACE and SNEED, Circuit Judges.

## OPINION

TRASK, Circuit Judge.

After pleading guilty in the District Court of the State of Nevada to a charge of sale of a controlled substance, appellant Arndell was sentenced to an eight-year prison term. He exhausted his available state remedies, and then filed a petition for a writ of habeas corpus in the United States District Court. That court declined to issue the writ, and dismissed the petition. This appeal followed. We affirm.

The principal issues raised are whether appellant complied with 28 U.S.C. § 2254(d) and whether his guilty plea was entered freely, voluntarily, and with a full understanding of its consequences. Section 2254(d), in brief, provides that, in a federal court review of a petition for a writ of habeas corpus, a state court determination of a factual issue "shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear" that one of eight enumerated exceptions has been met.[1]

The state court treated appellant's petition to vacate his sentence as an application for post-conviction relief, and held an evidentiary hearing. In denying relief, the court found:

1. Title 28 U.S.C. § 2254(d) states:

"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

"(1) that the merits of the factual dispute were not resolved in the State court hearing;

"(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

"(3) that the material facts were not adequately developed at the State court hearing;

"(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

"(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

"(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

"(7) that the applicant was otherwise denied due process of law in the State court proceeding;

"(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous."

"3. That the transcript of the arraignment proceedings reveals that Petitioner's plea was accepted in full accordance with applicable standards relating to the canvassing of defendants.

"4. That the evidence taken at the evidentiary hearing established that no promises of probation had been made to Petitioner, and that he fully understood the consequences of his plea." C.T. at 20.

The district court concluded that appellant did not allege facts which brought his case within any of the exceptions of 28 U.S.C. § 2254(d). Therefore, it accepted the state court's findings of fact. *LaVallee v. Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); 28 U.S.C. § 2254(d).

 The district court had before it a complete record of the state court proceedings. This included a transcript of the arraignment and the hearings on sentencing and change of plea and a transcript of the post-conviction evidentiary hearing. The court stated that it had "conducted an independent review of the transcript of all state proceedings. See *Dyer v. Wilson*, 446 F.2d 900 (9th Cir. 1971)." C.T. at 20. Although the evidence was conflicting, there is no requirement that questions be resolved in favor of a petitioner for habeas corpus relief. Our examination of the record convinces us that the district court concluded correctly that appellant did not satisfy any of the exceptions of section 2254(d). We also agree with the state courts and the federal district court that appellant made his guilty plea freely, voluntarily, and with a full understanding of its consequences.

AFFIRMED.