**Agustine Dozal MOROYOQUI,
Defendant-Appellant,**

v.

**UNITED STATES of America,
Plaintiff-Appellee.**

No. 77–1505.

United States Court of Appeals,
Ninth Circuit.

Dec. 27, 1977.

Rehearing Denied Jan. 31 and
Feb. 28, 1978.

Jerry D. Patchen (argued), Houston, Tex., for defendant-appellant.

Dale Danneman, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

Before CHAMBERS and SNEED, Circuit Judges, and SOLOMON,* District Judge.

SNEED, Circuit Judge:

In 1976 Petitioner Moroyoqui was put on trial on charges of conspiracy to possess with intent to distribute cocaine and with distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the examination of a government witness, information was brought out under questioning by the prosecution which was prejudicial to the petitioner. The court granted defense counsel's request for a mistrial.

Before a second trial was held, petitioner moved for dismissal, claiming that he was forced to demand a mistrial because of overreaching and misconduct by the prose-

cutor and that, under those circumstances, requiring him to undergo a second trial would violate his rights under the Double Jeopardy Clause of the Fifth Amendment. After a hearing on the matter the trial judge denied the motion, concluding that neither the prosecutor nor the witness had "knowingly" introduced the prejudicial information. Petitioner then sought permission to appeal the denial. Apparently aware both of the Ninth Circuit's decision in *United States v. Young*, 544 F.2d 415 (1976), *cert. denied* 429 U.S. 1024, 97 S.Ct. 643, 50 L.Ed.2d 626, holding such denials unappealable, and of the pendency before the Supreme Court of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Court and petitioner agreed that the appeal would be "lodged" but no attempt would be made to pursue it at that time. (Transcript p. 142). Shortly after the commencement of the second trial, petitioner entered a guilty plea, pursuant to a plea bargaining arrangement. Petitioner was thereupon sentenced to a three-year term. He now appeals, alleging, among other claims, that the Double Jeopardy Clause properly barred a second trial. We reverse and set aside the appellant's conviction.

At the threshold we are met with the Government's contention that by entering his guilty plea petitioner waived the right to raise the double jeopardy issue on appeal. We disagree. Where the state is precluded by a constitutional claim from trying the defendant at all, his conviction must be set aside even if it was obtained pursuant to a guilty plea. *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *United States v. O'Donnell*, 539 F.2d 1233, 1236–37 (9th Cir. 1976), *cert. denied* 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328. In *Menna* the defendant did not attempt to appeal the dismissal of his double jeopardy defense until after he was sentenced. Nonetheless the Court held that

* Hon. Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

a guilty plea "does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute." 423 U.S. at 63, n. 2, 96 S.Ct. at 242. This conclusion is equally true where, as we conclude was the case here, the defendant was improperly denied his right to appeal. Thus petitioner's claim of double jeopardy is properly before us.

The Supreme Court held in *Abney* that an order denying a motion to dismiss on double jeopardy grounds is a final decision and therefore appealable under 28 U.S.C. § 1291. *Abney* was decided during the pendency of this appeal. It is settled that "a change in law will be given effect while a case is on direct review," *Linkletter v. Walker*, 381 U.S. 618, 627, 85 S.Ct. 1731, 1736, 14 L.Ed.2d 601 (1965); *United States v. Schooner Peggy*, 1 Cranch 103, 2 L.Ed. 49 (1801). In *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), for example, the Supreme Court held that a constitutional decision would apply even to a case in which the court of appeals had already ruled, but which was "not concluded at the time" because a petition for certiorari had been filed, *id.* at 241, 88 S.Ct. 1556. *A fortiori*, we are bound by a decision handed down during the pendency of this appeal.

Applying *Abney* to our case, then it is clear that when petitioner "lodged" his appeal from the trial court's denial of his claim, jurisdiction was conferred upon the court of appeals. As a consequence the trial court was without power to proceed with the trial. Under the unusual circumstances of this case, the failure to pursue the appeal does not alter this result. We must, therefore, set aside the appellant's conviction.

■ We hold, however, that reprosecution is not barred by the Double Jeopardy Clause. A motion for a mistrial by the defendant normally serves to remove any barrier to reprosecution. Such is not the case, however, when the prosecutor has through bad faith or overreaching "goaded" the defendant into requesting a mistrial. *Lee v. United States*, 432 U.S. 23, 97 S.Ct.

2141, 53 L.Ed.2d 80 (1977); *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). Petitioner alleges that here the prosecutor intentionally elicited prejudicial information from a witness, and this conduct was sufficient to bar reprosecution.

■ The trial judge rejected this allegation. After hearing testimony from the government witness and from the prosecutor, she concluded that the prosecutor had not acted knowingly. The judge who hears the witnesses is in a better position than is a reviewing court to weigh their testimony and evaluate their credibility. We are not persuaded that the trial judge's findings concerning the witnesses' credibility and intent are "clearly erroneous." Nor do we believe that her conclusion that the conduct of the prosecutor and witness did not constitute "bad faith" or "overreaching" is erroneous.

Inasmuch as reprosecution is not inevitable, although constitutionally possible, our disposition of this case is merely to reverse and set aside the appellant's conviction.

REVERSED.