**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Larry Lee PHILLIPS,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Columbus Lee PHILLIPS,
Defendant-Appellant.**

**Nos. 78–3177, 78–3149.**

United States Court of Appeals,
Ninth Circuit.

April 19, 1979.

John P. Moran, Phoenix, Ariz., for defendant-appellant.

Joel D. Sacks, Asst. U. S. Atty., and Allen B. Bickart, Kanne & Bickart & Kaufman, Phoenix, Ariz., on brief; Daniel Drake, Asst. U. S. Atty., for plaintiff-appellee.

---

6. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Before CHOY and ANDERSON, Circuit Judges, and BARTELS,* District Judge.

PER CURIAM.

Appellants Larry and Columbus Phillips were each convicted of one count of theft from an interstate shipment in violation of 18 U.S.C. § 659. Columbus Phillips was convicted of a second count for concealment of stolen chattels under the same statute.

On appeal to this court, appellants contended that a mistrial should have been granted since they were prejudiced by the prosecution's failure promptly to inform the trial court and defense counsel that it would seek to reopen its case because a Government witness, who had lied on the witness stand, was prepared to recant his testimony. Although not finding that the Government had engaged in misconduct, we held that appellants had been unduly prejudiced by the Government's acts; we therefore reversed. 575 F.2d 1265 (9th Cir. 1978) (*Phillips I*).

Upon remand, appellants filed a motion to dismiss the indictment on the ground that a retrial would violate their constitutional protection against double jeopardy. The district court issued an order[1] stating that it found no prosecutorial misconduct and denied appellants' motion. This appeal followed. We affirm.

Appellants argue that the double jeopardy clause bars a retrial after a successful appeal by a criminal defendant when reversal was predicated upon prosecutorial misconduct or overreaching.[2] Appellants contend that this court, in *Phillips I*, found that the Government had acted improperly. But this court explicitly stated that it did not find prosecutorial misconduct. 575 F.2d at 1267. Further, on remand, the district

court found no misconduct. Because appellants have not shown that the district court's findings were clearly erroneous, we affirm. Fed.R.Civ.P. 52(a).

AFFIRMED.

---

* The Honorable John R. Bartels, Senior U.S. District Judge for the Eastern District of New York, sitting by designation.

1. The parties do not dispute the appealability of the district court's denial of appellants' motion to dismiss the indictment. *See Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

2. We assume, *arguendo*, that appellants' reading of the law is correct. We do not address the Government's argument that recent Supreme Court decisions mean that a retrial upon a successful appeal by a criminal defendant is barred by the double jeopardy clause only when the reversal resulted from insufficient evidence. *See United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2141, 57 L.Ed.2d 65 (1978); *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).