**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Demetrio Alvarez CALDERON,**
**Defendant-Appellant.**

**No. 79–1450.**

United States Court of Appeals,
Ninth Circuit.

May 5, 1980.

William B. Terry, Goodman, Oshins, Brown & Singer, Las Vegas, Nev., for defendant-appellant.

Alan R. Freedman, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before TRASK and GOODWIN, Circuit Judges, and LARSON,* District Judge.

TRASK, Circuit Judge:

On December 14, 1978, a Federal grand jury sitting in Las Vegas, Nevada returned a three-count indictment against appellant Demetrio Alvarez Calderon and another man, Daniel Marlmon, charging them with fraud by wire in violation of 18 U.S.C. § 1343,[1] and with aiding and abetting in violation of 18 U.S.C. § 2.[2]

Preliminary motions were denied and the matter went to trial on May 15, 1979. The prosecutorial error which led to appellant's motion for mistrial, occurred in the course of the prosecutor's opening statement. During its course, the government's attorney told the jury explicitly what the testimony would be that he would rely on during his case, the names of the witnesses, and the testimony they would relate. The defense made no objection to these opening remarks. The United States Attorney concluded his remarks and the defense attorney reserved his right to make an opening statement until the close of the government's case. The case proceeded with the taking of testimony and the court ruled that portions of the testimony which the prosecutor referred to in his opening statement were inadmissible hearsay.

The defendant moved for a mistrial on the ground that the prosecutor's opening statement was prejudicial. This motion was granted after defendant rested his case. Defendant then called upon the court to dismiss the indictment based upon double jeopardy grounds. The district court denied defendant's double jeopardy motion.

It is undisputed that a denial of a defendant's claim of former jeopardy is a final decision from which an appeal is proper. *See Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977); *Moroyoqui v. United States*, 570 F.2d 862, 864 (9th Cir. 1977), *cert. denied*, 435 U.S. 997, 98 S.Ct. 1651, 56 L.Ed.2d 86 (1978). Consequently, this court has jurisdiction over this appeal under 28 U.S.C. § 1291.

In arguing that his indictment should be dismissed, the defendant contends that the prosecutor knew or should have known that some of the evidence he presented to the jury in his opening statement would be inadmissible. The government responds that any error in judgment on its part was not of such an egregious nature that it ought to bar retrial. The appropriate test for determining whether a prosecutorial error which results in a successful defense motion for a mistrial trig-

---

* Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. 18 U.S.C. § 1343 states:
    Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

2. 18 U.S.C. § 2 provides:
    (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

gers the protections of the double jeopardy clause was enunciated by this court in *Moroyoqui v. United States, supra.* In *Moroyoqui*, we stated:

A motion for a mistrial by the defendant normally serves to remove any barrier to reprosecution. Such is not the case, however, when the prosecutor has through bad faith or overreaching "goaded" the defendant into requesting a mistrial.

*Moroyoqui, supra,* 570 F.2d at 864. *See also, United States v. Sanders,* 591 F.2d 1293, 1296 n.4 (9th Cir. 1979) ("reprosecution may be barred if the motion was induced by prosecutorial misconduct 'intentionally calculated to trigger the declaration of a mistrial.' "). The district court made no express findings with regard to bad faith or overreaching. Implicit in its denial of defendant's motion, however, is the district court's belief that the prosecutor's conduct in this case was not so knowingly prejudicial as to trigger double jeopardy protections. We should only reverse the district court's resolution of this issue if its findings are "clearly erroneous." *Moroyoqui, supra,* 570 F.2d at 864.

In this case, we find that the prosecutor's conduct did not approach that degree of misconduct which would bar reprosecution. The prosecutor had a good faith belief that the testimony excluded during trial was admissible under the complex co-conspirator exception to the hearsay rule. The prosecutor's intent to utilize this testimony was fully disclosed prior to trial and defense counsel offered no pretrial motion to exclude the evidence. Although it may have been ill-advised for the prosecutor to have made such a detailed opening statement under the circumstances, we do not believe that his intent was to goad the defendant into a mistrial motion. Consequently, the mistrial should be no bar to reprosecution and the district court was correct in denying defendant's motion.

AFFIRMED.