UNITED STATES of America, Appellee,

v.

Anita MIRANDA–PARRA and Maria Delia-Estrada, Appellants.

Nos. 80–1450, 80–1472.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 1980.

Decided July 28, 1980.

Rehearing Denied Sept. 18, 1980.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Arthur J. Hutton, Bernardo P. Velasco, Tucson, Ariz., for appellants.

Rhonda L. Repp, Asst. U. S. Atty., Tucson, Ariz., for appellee.

[redacted]

Before SNEED, ANDERSON and TANG, Circuit Judges.

PER CURIAM:

Appellants and other codefendants are charged by indictment with conspiracy to transport and harbor aliens, harboring aliens, and aiding and abetting the transportation of aliens. During the course of their trial a mistrial was declared by the district court because of an audible comment by a government agent during cross-examination of a government witness by defense counsel. A new trial date was set and appellants moved to dismiss the indictment on the ground of double jeopardy. The government opposed the motion and after a hearing the district court denied appellants' motion. Appellants appeal this denial under the authority of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The government filed an emergency motion for summary affirmance. We grant the motion and affirm the district court's denial of the appellants' motion to dismiss the indictment.

## I.

## FACTS

Trial of the appellants commenced on June 3, 1980. During the course of the second day of trial, defense counsel was cross-examining a government witness, and attempted to obtain the address of the witness's wife in order to subpoena her. The witness indicated that he did not wish to reveal his wife's address. At this point a border patrol agent who was sitting with the U.S. Attorney turned to the U.S. Attorney and, according to the appellant, said, "we'll produce her because he [the witness] is afraid for his wife."

Defense counsel heard this remark and objected. The court proceeded to question the jurors about what they had heard, and three jurors reported that they had heard at least a portion of the agent's remark.[1] The district court, after discussing the possibility of excusing one juror and calling in an alternate, declared a mistrial. The court stated, *inter alia*, that the statement was "gross misconduct," although the court further stated after excusing the jury that it believed that, in general, government agents "are not really very conscious of their obligation to avoid improper activities in cases."

Following the setting of a new trial date appellants filed a motion to dismiss the indictment on the ground of double jeopardy. The appellants' claims in this regard are two-fold: (1) the border patrol agent's act should be attributed to the prosecutor; and (2) the remarks represented "gross negligence" which bars retrial.

The government opposed this motion, and a hearing before the district court was held on June 23, 1980. After a full discussion of whether the agent's acts were attributable to the U.S. Attorney, and, if so, whether the statement constituted gross negligence, the court denied the motion to dismiss and held as follows:

> The Court: The Court has given this matter a great deal of thought. In the first place, I don't find that the agent was grossly negligent in what he did.
>
> It certainly tainted the Court and especially after the one problem the Court ran into in the first day of the trial, and I think he just acted on impulse and didn't keep his voice down when he should have and I don't find any intentional misconduct in the matter, certainly, and I don't think it was gross negligence.

Transcript of Hearing, June 23, 1980 at 18.

The appellants filed their *Abney* appeals on June 25 and 26.

Pursuant to a letter sent to district court judges by the Clerk of this court regarding the district court's ability to request expedited treatment of interlocutory appeals, the district court wrote a letter to this court on July 1, 1980 stating that in its opinion, the interests of justice required that this case be expedited. The district court further forwarded certain material requested by the Clerk's letter.

On July 17, 1980 the government filed an emergency motion for summary affirmance pursuant to Rule 6(h), Rules of the United States Court of Appeals for the Ninth Circuit. Simultaneously, the appellants filed responses to the motion for summary affirmance. Inasmuch as one of the appellants' codefendants is scheduled for trial on July 29, 1980, the government seeks expedited treatment in part so that all three defendants can be tried together.

Appellants raise two material issues. First, they contend that the showing of "irreparable harm" required by Rule 6(h) has not been made by the government and, second, that the issue whether the agent's acts were grossly negligent under the facts of this case should not be resolved by means of a summary affirmance. We reject both contentions.

## II.

### THE RULE 6(H) ISSUE

So called "*Abney* appeals" have the potential of delaying the trial of an accused for a substantial period of time and of disrupting the schedule of trial dates of others charged with crimes as well as that of any codefendants of the *Abney* appellant. Reduction of this disruption in a manner consistent with the dictates of *Abney* and procedural due process is highly desirable. We believe the use of the emergency motion procedure of Rule 6(h) can contribute enormously to attaining this end. The potential in "*Abney* appeals" for time-consuming delay, growing at perhaps a geometric rate, in bringing to trial those accused of crime presents a present danger that requires a more expeditious disposition

---

1. Apparently, only one juror actually reported that she heard the agent refer to the witness's fear. *See* Transcript of Proceedings, June 4, 1980 at 5–7.

of many of these appeals than would be possible were the emergency motion procedure of Rule 6(h) not available. Thus, we hold that "irreparable injury" for the purpose of invoking Rule 6(h) emergency procedures in "*Abney* appeals" exists upon a showing that the trial of criminal cases will be significantly delayed in the absence of such procedures. This holding does not mean that this court in all instances in which such delay is demonstrated will dispose of the appeal as an emergency matter pursuant to Rule 6(h). The issue presented by the appeal may be such that this court in its discretion may determine that, notwithstanding the delay that will occur, the proper disposition of the appeal requires a longer period of deliberation than Rule 6(h) procedures normally provide. Our holding merely provides that upon the proper showing of delay Rule 6(h) procedures are available in "*Abney* appeals."

It is beyond dispute that in this case that the trial of the appellants and possibly their codefendants would be delayed were Rule 6(h) procedures not utilized. It follows that a proper showing of "irreparable harm" within the meaning of Rule 6(h) has been made.

## III.

### THE GROSS NEGLIGENCE ISSUE

The district court after a proper hearing determined that the agent's act did not constitute gross negligence. In the light of this determination it was not necessary to consider whether the agent's action should be attributed to the U.S. Attorney for the purpose of evaluating appellants' double jeopardy contentions. We should reverse the district court's finding with respect to negligence only if it is clearly erroneous. *See Moroyoqui v. United States,* 570 F.2d 862 (9th Cir. 1977). That is not the case. After reviewing the record in this appeal we are convinced that the district court's finding is not clearly erroneous. There exists no obstacle to the use of summary affirmance.

It follows that the district court properly refused to dismiss the indictment of appellants. They may be retried.

Affirmed.