UNITED STATES of America, Appellee,

v.

Neal T. ROBERTS, Appellant.

UNITED STATES of America, Appellee,

v.

James Albert ROBISON, Appellant.

Nos. 80–1626, 80–1627.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 22, 1980.

Decided Feb. 17, 1981.

Rehearing and Rehearing En Banc Denied April 22, 1981.

Thomas Henze, Phoenix, Ariz., for Robison.

William H. McLean, Phoenix, Ariz., for Roberts.

W. Ronald Jennings, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before SKOPIL, POOLE and NORRIS, Circuit Judges.

SKOPIL, Circuit Judge.

## INTRODUCTION

Appellants, Neal Roberts and James Robison, appeal the denial of their motion to dismiss the indictment against them. They assert that the retrial of their case was barred on double jeopardy grounds. The district court denied the motion, and the defendants filed an interlocutory appeal pursuant to *Abney v. United States*, 431 U.S. 651, 662 n.8, 97 S.Ct. 2034, 2041–2042, 52 L.Ed.2d 651 (1977). We affirm.

## FACTS

In 1977 Neal Roberts and James Robison were indicted for attempting to blow up a federal building in Arizona. The case was transferred to the Southern District of California, where the trial was held in February 1978. After the jury failed to reach a verdict, the district court declared a mistrial. In May 1978 Roberts and Robison were retried and convicted. In May 1980 this court reversed the convictions. *United States v. Roberts*, 618 F.2d 530 (9th Cir. 1980). This court held that the prosecutor committed reversible error when, over an objection sustained by the court, he attempted to bolster the credibility of the chief prosecution witness with evidence outside the record. Specifically, the prosecutor made the following closing argument:

[PROSECUTOR]: The testimony is open as to Roberts and Mr. Adamson. They are inconsistent. One of them has to be lying. . . .

. . . . I suggest to you ladies and gentlemen, that John Harvey Adamson had everything to lose by lying. I want you to read the plea agreement that is Government's Exhibit No. 1. . . . In that plea agreement he has agreed to testify in four matters. . . . If he was caught lying as to material facts in any one of these matters, then his plea agreement would be called off. . . .

Detective Sellers has been pointed out throughout the trial as sitting in the courtroom during the testimony, particularly of John Harvey Adamson. I would suggest to you that Detective Sellers is not here on vacation. He had a mission to serve and that mission was to sit and listen to the testimony of John Harvey Adamson.

[DEFENSE COUNSEL]: If the Court please, there is no evidence of this, and I don't know if Mr. Sellers is here on vacation or not.

THE COURT: Yes, let's stay with the record.

[PROSECUTOR]: I submit to you, ladies and gentlemen, that he was here to listen to that testimony and make sure that—

[DEFENSE COUNSEL]: Object on the same grounds. It's the same. It's not in evidence.

[PROSECUTOR]: If Adamson lied, ladies and gentlemen, the plea agreement is called off.

*Roberts*, 618 F.2d at 533.

This court concluded that the argument constituted improper "vouching" for the credibility of a government witness.

In reversing the conviction this court found that the prosecutor's statements were not harmless and stated that it was not "persuaded that the jury would have convicted the defendants had it not been exposed to improper argument." *United States v. Roberts, supra,* 618 F.2d at 535.

After the retrial had been scheduled, the defendants filed their joint motion to dismiss on double jeopardy grounds.

## PROSECUTORIAL MISCONDUCT

We do not condone the action of the prosecutor in this case. In several cases this court has noted improper conduct by the prosecutors from the District of Arizona, the most recent of which are *United States v. Berry,* 627 F.2d 193 (9th Cir. 1980), and *United States v. Bemis,* 620 F.2d 311 (9th Cir. 1980) (memorandum disposition).

We once again direct the attention of the prosecutors to the Supreme Court's admonitions set forth in *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935) and reiterated by this court in *Berry:*

The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

*Berry, supra* at 198.

■ A continuing pattern of such conduct may result in disciplinary action pursuant to Fed.R.App.P. 46 against prosecutors who engage in misconduct. Continued prosecutorial misconduct may show a course of conduct establishing the intent to provoke a mistrial and bring into play double jeopardy considerations.

## DOUBLE JEOPARDY CLAIM

The double jeopardy clause has been applied to bar retrial in cases where a reversal or judgment of acquittal is based on insufficiency of the evidence. *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978). The bar to retrial has traditionally been held inapplicable to reversals or mistrials based on trial error. *Id.* at 15, 98 S.Ct. at 2149. This distinction is based on the rationale that double jeopardy interests are plainly offended by retrial after unsuccessful attempts to marshal sufficient evidence against an individual. Reversal on mistrials for a defect in the judicial process sufficient to constitute reversible error, however, usually implies nothing about the guilt or innocence of the defendant. Society retains a substantial interest in ensuring that the guilty are punished.

■ The courts have extended the double jeopardy clause to protect defendants "against governmental actions intended to provoke mistrial requests." *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976). The general rule is that:

A motion for mistrial by the defendant normally serves to remove any barrier to reprosecution. Such is not the case, however, when the prosecutor has through bad faith or overreaching "goaded" the defendant into requesting a mistrial.

*See, e. g., United States v. Calderon*, 618 F.2d 88, 90 (9th Cir. 1980); *Moroyoqui v. United States*, 570 F.2d 862, 864 (9th Cir. 1977), *cert. denied*, 435 U.S. 997, 98 S.Ct. 1651, 56 L.Ed.2d 86 (1978).

■ Although the prosecutor's comments appear to have been intentional and were not harmless, there has been no showing that the comments were deliberately made to provoke a mistrial. *United States v. Jorn*, 400 U.S. 470, 482, 91 S.Ct. 547, 555, 27 L.Ed.2d 543. Without such a showing, retrial is not barred. *See United States v. Calderon, supra*, 618 F.2d at 90; *United States v. Sanders*, 591 F.2d 1293, 1296 n.4 (9th Cir. 1979). *See also Divans v. California*, 434 U.S. 1303, 98 S.Ct. 1, 54 L.Ed.2d 14 (Rehnquist, Circuit Justice, 1977).

In this context the protection afforded by the double jeopardy clause must be reserved for instances in which "there has been an 'abuse' of the trial process resulting in prejudice to the accused ... such as to outweigh society's interest in the punishment of crime." *Jorn, supra*, 400 U.S. at 492, 91 S.Ct. at 560 (Stewart, J., dissenting); *Mitchell v. Smith*, 633 F.2d 1009 at 1012; *United States v. Gentile*, 525 F.2d 252, 257 (2d Cir. 1975). Accordingly, we decline to extend the bar on retrial to cases involving gross negligence without the intent to provoke a mistrial. This case does not fall under the court's reasoning in *Dinitz, supra*,

424 U.S. at 611, 96 S.Ct. at 1081. The double jeopardy bar does not apply. The district court's decision is affirmed.

NORRIS, Circuit Judge, dissenting:

I respectfully dissent.

The majority takes the position that the double jeopardy clause protects a defendant from retrial after intentional misconduct taints the original trial only if the prosecutor deliberately tried to provoke a mistrial. I do not believe that the protection afforded by the double jeopardy clause is so narrow. This case presents a prime example of intentional prosecutorial overreaching which should bar retrial even without a finding of intent to provoke a mistrial.

The prosecutor's conduct, set forth in majority opinion, was in blatant disregard of the stricture against vouching for a witness in appealing to the jury to return a conviction. The prosecutor knew he had a tough case; guilt or innocence turned on whether the jury believed the prosecution's witness or the defendant. In going outside the record, exhorting the jury to believe his witness instead of the defendant because detective Sellers had been sitting in the courtroom ready to revoke the witness's plea agreement if he lied, the prosecutor made a mockery of the rules of fair jury argument. Moreover, he completed his transgression in disregard of an admonition by the trial court.

## I.

I believe that such flagrant prosecutorial overreaching would bar a retrial following a mistrial.[1] The Supreme Court has strongly indicated that the double jeopardy clause protects defendants from bad faith prosecutorial misconduct intended to illegitimately increase the likelihood of a guilty verdict. Although the majority reads *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27

1. Since the majority, while discussing the extent to which the double jeopardy clause protects against prosecutorial overreaching, cites only to cases concerning retrial after a mistrial, the discussion in Part I of my dissent analyzes the mistrial cases. Because I conclude that

retrial should be barred for intentional prosecutorial overreaching, it is necessary in Part II to reach the issue whether retrial is barred when a conviction tainted by intentional prosecutorial overreaching is reversed on appeal.

L.Ed.2d 543 (1971) and *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), to require that the prosecutorial misconduct be done for the purpose of triggering a mistrial, the language of those cases will not permit such a narrow reading. *Jorn* states that "where a defendant's mistrial motion is necessitated by judicial or prosecutorial impropriety *designed to avoid an acquittal,* reprosecution might well be barred." 400 U.S. at 485 n.12, 91 S.Ct. at 557. (emphasis added). *Dinitz* contemplates a bar to retrial whether the act taken in bad faith is done "in order to goad the respondent into requesting a mistrial *or to prejudice his prospects for an acquittal.*" 424 U.S. at 611, 96 S.Ct. at 1081 (emphasis added). *Accord, Lee v. United States,* 432 U.S. 23, 33–34, 97 S.Ct. 2141, 2147–2148, 52 L.Ed.2d 80 (1977).

Most lower courts have read these cases to bar retrial where the judge or prosecutor knowingly engages in misconduct with the intention of prejudicing the defendant's chances for acquittal and there is, in fact, serious prejudice.[2] *See United States v. Zozlio,* 617 F.2d 314, 315 (1st Cir. 1980); *United States v. Opager,* 616 F.2d 231, 233–34 (5th Cir. 1980); *Drayton v. Hayes,* 589 F.2d 117, 121 (2nd Cir. 1979); *United States v. Martin,* 561 F.2d 135, 138–40 (8th Cir. 1977). *But see United States v. Nelson,* 582 F.2d 1246, 1249 (10th Cir. 1978). This is precisely our case.

The recent Second Circuit *per curiam* opinion, *Mitchell v. Smith,* 633 F.2d 1009 (2nd Cir. 1980), illustrates the correct reading of the *Dinitz* line of cases. The court noted that the rule in the Second Circuit is that prosecutorial overreaching will bar retrial after a mistrial if it was " 'motivated by bad faith or undertaken to harass or prejudice' " the defendant. *Mitchell, supra,* 633 F.2d at 1011, *quoting Drayton v. Hayes, supra,* 589 F.2d at 121, *quoting Lee v. United States, supra,* 432 U.S. at 33–34, 97 S.Ct. at 2147–2148. Applying this standard, the court examined "whether the prosecutor's error was intentional or merely inadvertent." 633 F.2d at 1012.

The Ninth Circuit cases cited by the majority do not hold to the contrary. *United States v. Calderon,* 618 F.2d 88 (9th Cir. 1980), involved not intentional prosecutorial misconduct, but mere inadvertent error. *Calderon* does state in dictum that retrial is barred if the prosecutor has goaded the defendant into requesting a mistrial, but does not discuss the situation where the prosecutor's knowing misconduct was intended to prejudice the defendant. *Id.* at 89–90. Neither does *Calderon* discuss the applicable Supreme Court precedent. *Id. Moroyoqui v. United States,* 570 F.2d 862 (9th Cir. 1977), *cert. denied,* 435 U.S. 997, 98 S.Ct. 1651, 56 L.Ed.2d 86 (1978), likewise involved inadvertent misconduct and likewise failed to discuss our issue. *Id.* at 864.

The majority offers no reasons why prosecutorial overreaching intended to prejudice the defendant should be treated differently than prosecutorial overreaching intended to provoke a mistrial. I see no good reason to distinguish one from the other. Both implicate long established double jeopardy concerns. An intentionally provoked mistrial implicates the "valued right of a defendant to have his trial completed by the particular tribunal summoned to sit in judgment on him." *Downum v. United States,* 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963). Overreaching ·intended to prejudice the defendant not only taints the judgment of the defendant's "particular tribunal," it enhances "the possibility that even though innocent he may be proven guilty." *United States v. Dinitz,* 424 U.S. at 606, 96 S.Ct. at 1079.

Moreover, the two are often inextricably intertwined. A mistrial is provoked only by greatly prejudicing the defendant. Therefore, the intention to provoke a mistrial includes the intention to prejudice the defendant, while the intention to prejudice the defendant includes a willingness to risk a mistrial. Thus it will be very difficult for a trier of fact, when faced with a case of prosecutorial overreaching, to discern which

---

2. This court has already found the prosecutor's conduct in this case to be prejudicial error.

*United States v. Roberts,* 618 F.2d 530, 533–35 (9th Cir. 1980).

of the two intentions was uppermost in the prosecutor's mind. The great mischief of following the majority's rule is that courts will rarely find that prosecutorial over-reaching was intended to provoke a mistrial because there will be insufficient evidence that the prosecutor did not "merely" intend to prejudice the jury and so gain a guilty verdict.

The facts of this cases squarely present the issue whether the double jeopardy clause protects defendants from prosecutorial misconduct intended to illegitimately bolster the chances for conviction.[3] If this appeal had followed a mistrial, I would follow the Second, Fifth and Eighth circuits and the Supreme Court dictum in *Dinitz* and *Lee* by holding that retrial is barred where the prosecutor acts in bad faith to prejudice the defendant's prospects for an acquittal.

## II.

The difficult issue that remains is whether the double jeopardy protection against bad faith prosecutorial overreaching which results in a mistrial applies when the over-reaching results in a conviction which has been reversed on appeal. So far as I know, this is a question of first impression. *See United States v. Phillips*, 600 F.2d 186, 187 n.2 (9th Cir.) (*per curiam*), *cert. denied*, 444 U.S. 863, 100 S.Ct. 131, 62 L.Ed.2d 85 (1979); *United States v. Opager*, 616 F.2d 231, 235–36 (5th Cir. 1980). Unfortunately, due to the abbreviated briefing schedule allowed for this *Abney* appeal and the lack of oral argument, this issue is not adequately addressed by any party. Indeed, the defendants have not addressed the issue at all. I will not attempt a full analysis of the issue here, or even hazard an opinion on the proper resolution, but I will sketch the reasons why this issue is quite difficult and deserves full briefing and oral argument.

On the one hand, there is dicta in the recent Supreme Court cases *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) which states in general terms that reversal for trial error does not bar retrial. Although dicta, these generalized statements cannot be blithely disregarded. There is some room for doubt, however, whether these statements were meant to apply to the situation of bad faith prosecutorial overreaching. *See United States v. Opager*, 616 F.2d 231, 236 nn.13–14 (5th Cir. 1980). The normal rule that a mistrial requested by the defense does not bar retrial is subject to an exception for intentional prosecutorial overreaching. Absent clarification by the Supreme Court, it remains unsettled whether the normal rule concerning reversal for trial error is not similarly subject to an exception for intentional prosecutorial overreaching.

There are several doctrinal considerations that support finding such an exception. First, the Supreme Court has announced that one important consideration in double jeopardy cases is to avoid a result which would "create a purely arbitrary distinction" between defendants who enjoyed a correct decision on a motion to end the proceedings in the trial court and those who did not. *Burks, supra*, 437 U.S. at 11, 98 S.Ct. at 2147. In *Burks*, the distinction would have been between an acquittal which would bar retrial and a conviction reversed on appeal for insufficiency of the evidence. In the situation of bad faith prosecutorial overreaching, if all reversals for trial error allow retrial, a defendant who makes a meritorious motion for mistrial will not face retrial if the motion is

---

**3.** The majority in its concluding paragraph states that it declines to extend the retrial bar to gross negligence cases. I find this statement puzzling. This is clearly not a gross negligence case. The majority correctly states that the prosecutor engaged in intentional misconduct and that the prejudice was material. It is clear from the record that the prosecutor vouched for his key witness, knowing his remarks to be improper and contrary to the ruling of the trial judge, for the purpose of prejudicing the jury and increasing the chance for conviction. The issue in this case is not whether the defendant must show intent or just gross negligence, it is whether the defendant must show intent to provoke a mistrial, or just intent to harass and prejudice the defendant.

granted, but will face retrial if the motion is erroneously denied and the following conviction is reversed on appeal.

Second, intentional prosecutorial misconduct strongly implicates a number of the defendant's double jeopardy interests. Intentional misconduct is more likely to be highly prejudicial and so to cause an inaccurate jury verdict. The prosecutor thus illegitimately increases the likely expense, embarrassment, and ordeal the defendant will have to suffer, as well as the possibility that the defendant, although innocent, will ultimately be found guilty. Just as the retrial bar is used to deter prosecutors from requesting unnecessary mistrials and so damaging the defendant's double jeopardy right to his particular tribunal, *see generally Jorn, supra*, 400 U.S. at 479–86, 91 S.Ct. at 554–557; *Dinitz, supra*, 424 U.S. at 606–12, 96 S.Ct. at 1079–1082, it may be necessary to bar retrial after reversal for intentional prosecutorial misconduct to protect the defendant's other double jeopardy concerns.

I believe that we should not presently decide this difficult issue. Because of the rushed nature of this appeal, the briefs are inadequate and there has been no opportunity to supplement the briefs by discussion of the issue in oral argument. Appellants' briefs fail to discuss the reversal situation, concentrating on the mistrial exception. Appellee's brief is so cursory as to be totally unhelpful. I would order the parties to rebrief the issue whether retrial is barred after reversal for intentional prosecutorial misconduct, and would also set a date for oral argument.

Accordingly, I dissent.