Bobby Bernard THOMAS, Petitioner,

v.

George SUMNER, Respondent.

No. CV–R–84–444–ECR.

United States District Court,
D. Nevada.

May 7, 1985.

Bobby Bernard Thomas, in pro. per.

Brian McKay, Atty. Gen. of Nevada, Carson City, Nev., for respondent.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Petitioner, an inmate in the custody of the Nevada Department of Prisons, has petitioned pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. He is serving two consecutive terms of imprisonment for life without the possibility of parole. The crimes of which he was convicted by a jury are first degree murder and use of a deadly weapon in the commission of a crime. The murder occurred in a parking lot after a basketball game. Petitioner contended that he acted in self-defense in fatally stabbing the victim with a knife. Another unrelated knifing occurred after the same game; that victim suffered a non-fatal arm wound.

The ground for the instant petition is that the Double Jeopardy clause of the Fifth Amendment barred his second trial, at which he was convicted. His motion for a mistrial had been granted during the presentation of his case during the first trial. The basis for the mistrial was an improper question by the prosecutor during cross-examination of one of Petitioner's witnesses. The question was: "It is true, is it not, that in a previous fight another white boy had been stabbed?"

The trial judge expressed his feeling that the question "was monumental in its impropriety." He felt that the jury might return a harsher verdict than it otherwise would have, because of the question.

The prosecutor declared that he felt the door had been opened to the question by questioning directed to three earlier witnesses during the trial. He alleged that Petitioner's counsel had cross-examined Detective Burt Levos to bring out the fact that there had been another stabbing after the game. Actually, Petitioner's counsel didn't cross-examine Detective Levos at all. The prosecutor also pointed out that witness Willie Harvey, who had been present at the time of Petitioner's altercation, testified that Petitioner had been involved in an earlier fight. The testimony was in response to questioning by Petitioner's counsel. The record reflects this questioning. In addition, the prosecutor noted that Detective Joe McGuckin testified, upon cross-examination by Petitioner's counsel, that he had visited the victim of the unrelated stabbing in a hospital that same night. This, also, is found in the record.

The trial judge held a hearing on Petitioner's motion to dismiss the information that served as the initial pleading for his second trial. The transcript of that hearing is part of the record. The motion to dismiss was denied. The judge found that the offensive question had not been asked deliberately in order to provoke a motion for a mistrial. Rather, he felt that the prosecutor had believed that he was entitled to ask the question. It was also noted by the judge that the prosecution's case had been "succinct and crystal clear, and if I had to hazard a guess I would have said a conviction of some sort was imminent, probably a first-degree conviction was a viable possibility."

Petitioner has exhausted his State remedies. The Nevada Supreme Court dismissed his appeal, which was based on double jeopardy. That Court, after reviewing the record, held that the trial court's finding, that the improper question was not intended by the prosecutor to provoke a motion for mistrial, was not clearly erroneous.

■ Generally, a motion for mistrial by a defendant constitutes consent that removes the double jeopardy bar to reprosecution for the same crime or crimes; the only exception is where the conduct that gave rise to the successful motion for a mistrial

was intended to provoke the defendant into making the motion. *Oregon v. Kennedy,* 456 U.S. 667, 676, 679, 102 S.Ct. 2083, 2089, 2091, 72 L.Ed.2d 416 (1982); *United States v. Mitchell,* 736 F.2d 1299, 1300–1301 (9th Cir.1984); *United States v. Calderon,* 618 F.2d 88, 89–90 (9th Cir.1980).

 A person's state of mind is a question of fact. *Wainwright v. Witt,* —— U.S. ——, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985). A trial judge's finding as to state of mind, when based on the demeanor and credibility of a witness, may not be redetermined by a federal habeas court. *Id.; Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983). The trial judge in Petitioner's case, after hearing, specifically found that the prosecutor had not asked the offensive question with the intention of provoking a motion for mistrial. 28 U.S.C. § 2254(d) provides that a determination on the merits of a factual issue, made by a state court after a hearing to which both prosecutor and defendant were parties, shall be presumed to be correct unless certain factors listed in the statute existed. *See Marshall v. Lonberger,* at 432, 103 S.Ct. at 849; *Bashor v. Risley,* 730 F.2d 1228, 1233 (9th Cir.1984). If, as here, none of those factors were present, the burden falls on the petitioner to establish by convincing evidence that the factual determination by the state court was erroneous. 28 U.S.C. § 2254(d); *Brewer v. Raines,* 670 F.2d 117, 120 (9th Cir.1982). The mere pointing out by the petitioner of conflicting or contradictory evidence relevant to intent does not satisfy the burden. *See Arndell v. Warden, Nevada State Prison,* 549 F.2d 1284, 1286 (9th Cir.1977). Therefore, the trial judge's finding as to the prosecutor's state of mind is entitled to a high measure of deference. *See Marshall v. Lonberger, supra* 459 U.S. at 432, 103 S.Ct. at 849; *Oregon v. Kennedy, supra* 456 U.S. at 677, n. 7, 102 S.Ct. at 2090, n. 7; *United States v. McConney,* 728 F.2d 1195, 1204, n. 10 (9th Cir.1984).

 Under certain circumstances, a federal court must grant an evidentiary hearing to a habeas applicant. *Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). For the petitioner to be entitled to a hearing, the court must determine that his allegations, if proved, would establish his right to relief, and that an evidentiary hearing is necessary to ascertain facts to support those allegations. *Bashor v. Risley, supra* at 1233. Since a full and fair, reliable hearing as to the prosecutor's intent was conducted by the trial judge, and his finding is fairly supported by the record, no hearing will be granted here. *See Id.*

 The burden was on Petitioner to prove that his retrial violated the Double Jeopardy clause. *United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983); *United States v. Cox,* 633 F.2d 871, 876 (9th Cir. 1980). That burden has not been sustained.

IT IS, THEREFORE, HEREBY ORDERED that Petitioner's application for a writ of habeas corpus be DENIED.