**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David L. HARRIS, Defendant–Appellant.**

No. 88–1082.

United States Court of Appeals, Ninth Circuit.

May 6, 1988.

Before GOODWIN, SCHROEDER and PREGERSON, Circuit Judges.

### ORDER

This is an appeal from the denial of a motion to dismiss an indictment for violation of Fed.R.Crim.P. 6(e)(2). We have held that such an order is reviewable prior to final judgment under the collateral order doctrine when the claimed violation is aimed at the grand jury's charging process. *United States v. Benjamin,* 812 F.2d 548 (9th Cir.1987). *See also United States v. Dederich,* 825 F.2d 1317 (9th Cir.1987).

Before appellant's opening brief was due, the government filed a motion for summary affirmance, or in the alternative to expedite the appeal. The government's motion for summary affirmance is based upon its own memorandum and an excerpt of record which it has prepared. This court has not yet seen the issues which the appellant wishes to raise in the form in which the appellant wishes us to review them.

 Ninth Circuit Rules 27–3 and 27–4 permit motions for summary affirmance in criminal interlocutory appeals to be handled on an expedited basis. Our summary procedure is borrowed from Supreme Court

practice; we have made it clear that motions to affirm should be made "only after the appellant's brief is on file and only where ... the insubstantiality of the questions raised on appeal is clearly ascertainable from an examination of the record and the opening brief." *Page v. United States,* 356 F.2d 337 (9th Cir.1966). *See also United States v. Hooton,* 693 F.2d 857, 858–59 (9th Cir.1982). So long as our law permits certain interlocutory criminal appeals, we must protect the appellant's right to present his challenge to the district court's ruling. *See Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The procedure which the government asks us to follow is not consistent with the right to appeal.

■ We are aware of only one reported case in which this court granted summary affirmance before the appellant's brief had been filed. *United States v. Miranda–Parra,* 637 F.2d 610, 612–13 (9th Cir.1980). It is distinguishable. *Miranda–Parra* was an *Abney* appeal concerning whether prosecutorial misconduct at trial barred reprosecution. This court sua sponte invited expedited treatment and ordered selected portions of the record in order to determine whether or not the government was responsible for the mistrial. We did not decide the case on the basis of materials formulated by the government. That case is thus not authority for the filing of government motions for summary affirmance before the appellant has had an opportunity to present his arguments on appeal.

The government's motion for summary affirmance is denied. The government's alternative motion to expedite is granted. Appellant's opening brief is due May 16, 1988. Appellee's brief is due May 30, 1988; appellant's optional reply brief is due June 6, 1988. The Clerk shall calendar this case for July.