917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George KELLEY, Defendant-Appellant.
 No. 89-1837.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1990.
 
 Before DAVID A. NELSON and ALANE NORRIS, Circuit Judges, and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 George Kelley was convicted of various offenses involving the importation of heroin, and his conviction was affirmed by this court. See United States v. Kelley, 849 F.2d 999 (6th Cir.), cert. denied, 488 U.S. 982 (1988). Thereafter, Mr. Kelley moved the district court to vacate his sentence under 28 U.S.C. Sec. 2255. Claiming ineffective assistance of counsel, Mr. Kelley alleged that his trial counsel (1) failed to move for suppression of tape recordings obtained after a court authorized a wiretap on the strength of an affidavit that allegedly contained false statements; (2) failed to move for a dismissal of the indictment because of the admission of the allegedly illegal recordings; (3) failed to object to improper prosecutorial "vouching" for prosecution witnesses; (4) failed to obtain a jury trial for the forfeiture of Mr. Kelley's property under 21 U.S.C. Sec. 853; and (5) failed to present more than a perfunctory defense. The district court denied the motion, and a subsequently-filed motion for reconsideration, without an evidentiary hearing. Because we agree that no evidentiary hearing was required and that Mr. Kelley's claims are without merit, we shall affirm the decision of the district court.
 
 II
 
 2
 We evaluate claims of ineffective assistance of counsel to determine whether the defendant can meet the requirements set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984):
 
 
 3
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
 
 We are mindful that a reviewing court
 
 4
 "must be highly deferential.... Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).
 
 
 5
 Turning to the case at bar, we agree with the district court that the authorization of the wiretap was appropriate. The order approving the tap, signed by then-District Judge Guy, specifically stated that "[n]ormal investigative procedures either have not been successful, or reasonably appear unlikely to succeed if tried." Under the prior decisions of this court, such a finding is all that is required. See, for example, United States v. Lambert, 771 F.2d 83, 91 (6th Cir.), cert. denied, 474 U.S. 1034 (1985). A motion to suppress the recordings--or to dismiss the indictment as a result of their admission--would have been properly denied by the trial judge. Accordingly, the attorney's failure to make such a motion did not constitute ineffective assistance.
 
 
 6
 We also agree with the district court that the government's conduct at trial did not rise to the level of impermissible vouching. It is true that the prosecution may not make "personal assurances of a witness's veracity" or "bolster a witness's credibility by reference to matters outside the record," United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980), later appealed, 640 F.2d 225 (9th Cir.1981), cert. denied, 452 U.S. 942 (1981), but no such actions occurred here.
 
 
 7
 Third, we reject Mr. Kelley's contention that his attorney's performance was constitutionally inadequate because the attorney failed to obtain a jury trial on the issue of forfeiture. There has been no showing that Mr. Kelley was deprived of a "fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. That is the test.
 
 
 8
 Finally, the attorney presented more than a perfunctory defense. In the words of the district court judge (the same judge before whom the attorney appeared),
 
 
 9
 "[c]ounsel for the defendant reserved and then made an opening argument; cross-examined the government's main witnesses; chose not to cross-examine a critical agent witness; presented the defense ... and successfully argued a pretrial motion to dismiss Count Eight.... Under the circumstances, defense counsel's assistance did not fall below an objective level of reasonableness."
 
 
 10
 We concur in this assessment. The attorney simply did not make "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, District Judge, United States District Court for the Middle District of Tennessee, sitting by designation