# DIVANS v. CALIFORNIA

No. A–91.   Decided July 28, 1977

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant has requested that I stay the commencement of his second trial in the Superior Court of Santa Clara County, Cal., pending the filing and disposition of a petition for certiorari here.   His first trial aborted as a result of the trial judge's declaration of a mistrial upon applicant's motion.   I have determined the application should be denied.

Any order granting a mistrial at the behest of a defendant in a criminal case is typically based upon error or misconduct on the part of other counsel or the court.   In order to elevate such a typical order into one which could form the basis of a claim of double jeopardy, it must be shown not only that there was error, which is the common predicate to all such orders, but that such error was committed by the prosecution or by the court for the purpose of forcing the defendant to move for a mistrial.

> "The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where 'bad-faith conduct by judge or prosecutor,' United States v. Jorn, [400.U. S.,] at 485 threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the

prosecution a more favorable opportunity to convict' the defendant. *Downum* v. *United States*, 372 U. S., at 736." *United States* v. *Dinitz*, 424 U. S. 600, 611 (1976).

The finding of the Superior Court that the prosecutorial error which resulted in the original mistrial in this case was of the former and not the latter kind convinces me that this Court would not grant certiorari to review the applicant's double jeopardy claim.