## No. 28158

### The People of the State of Colorado v. Tillie Ortiz

(586 P.2d 227)

Decided November 6, 1978.

W. Terry Ruckriegle, Special Prosecutor, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

At the conclusion of the People's evidence in this criminal case, the district court granted a motion for suppression of evidence and declared a mistrial. The People appeal from the court's order refusing to set the matter for a new trial. We reverse.

Defendant was charged with theft by receiving, and a jury trial was had. During the trial, the defendant moved to suppress a police officer's testimony regarding evidence he obtained from the defendant before she had received any *Miranda* warnings. The court postponed any ruling until the motion was renewed at the conclusion of the prosecution's presentation. The judge then decided that the investigation had already begun to focus on the defendant at the time the officer first questioned and received evidence from her.

Because the officer had not informed the defendant of her rights until the second questioning of the day, the judge granted the motion to suppress the evidence obtained on the first occasion.[1] He also declared a mistrial since he determined that the evidence subject to his suppression order was so interconnected with other evidence that merely instructing the jury to disregard it would not have adequately protected the defendant's rights.

The sole issue is whether there was error in the district court's refusal to set the case for a new trial on the grounds that guarantees against double jeopardy precluded another trial.

■ The first inquiry must be whether the defendant moved for, or consented to, the mistrial. If she did so move or consent, retrial is not barred unless the prosecution in bad faith precipitated a mistrial. *People v. Baca,* 193 Colo. 9, 562 P.2d 411 (1977). *See also Mahany v. People,* 31 Colo. 365, 73 P. 26 (1903); *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).

■ The record shows that the district court assumed the initiative in declaring a mistrial after granting the defendant's renewed motion to suppress. There is no evidence in the record that the defendant objected when the mistrial was announced. In response to the prosecutor's request that the matter be set for a new trial, the defendant's counsel argued that a judgment of acquittal should issue because insufficient evidence to convict remained after the suppression order; and he maintained that the

---

[1] The judge apparently relied on the doctrine of *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) to determine the necessity for *Miranda* warnings. Because his ruling has not been appealed, we express no opinion as to its correctness in the light of such cases as *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977).

defendant had not waived any of her rights. The court did not grant a judgment of acquittal.

The defense counsel's argument concerned only the grounds for a judgment of acquittal and the fact that jeopardy had attached. At no time did he protest the judge's decision to declare a mistrial. Under the statutory standard, the defendant waived any objections and consented to the declaration of mistrial. The trial judge's comment that "the defendant did not waive her rights under the circumstances as this case developed" is without support in the record.

In view of the fact that the defendant did not object to the mistrial, cases involving mistrials to which defendants objected are inapplicable. Some of these cases are: *People v. Baca,* 193 Colo. 9, 562 P.2d 411 (1977); *Arizona v. Washington,* _____ U.S. _____, _____ S.Ct. _____, _____ L.Ed.2d _____, 46 U.S.L.W. 4127 (1978); *Illinois v. Sommerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425, (1973); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

It follows from our determination as to consent that a new trial is not barred, unless the record indicates prosecutorial bad faith. The trial judge stated that, although the prosecutor had not deliberately occasioned the mistrial, "Somebody in the enforcement side knew this (*i.e.,* information leading to the suppression order) obviously, and it was withheld." Again, the judge's conclusion lacks support in the record.

Discussion between counsel for both sides and the judge indicates that the basis for the suppression order was established by the unexpected testimony of a police officer. That information had not surfaced during the preliminary hearing. The prosecutor specifically denied any deliberate misconduct and nothing in the record contravenes his claim. In fact, the failure to give *Miranda* warnings which occasioned the suppression order, and, consequently, the declaration of a mistrial, became known only upon cross-examination by the defendant's attorney. Moreover, the prosecutor asked the court to instruct the jury to disregard the evidence which should have been suppressed, rather than declare a mistrial. Considering the prosecutor's protests to the court's order and the total lack of evidence suggesting bad faith, we see no basis for precluding a new trial on the grounds of overreaching by the prosecutor.

Judgment reversed and cause remanded with directions to hold a new trial.

MR. JUSTICE KELLEY does not participate.