**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Terry Lee FLOWER,**
**Defendant-Appellant.**

**Nos. 80CA0809, 80CA1089.**

Colorado Court of Appeals,
Div. III.

Dec. 3, 1981.

Rehearing Denied Jan. 7, 1982.

Certiorari Granted March 22, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Gerald Piper, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

This appeal involves a non-adversary review under C.A.R. 4(d)(3) and (4), pursuant to § 18–1–409.5, C.R.S.1973 (1980 Cum. Supp.), and an adversary appeal pursuant to C.A.R. 4(c) and § 18–1–409, C.R.S.1973 (1980 Cum.Supp.). The sentence imposed by the trial court, eight years of incarceration plus one year of parole, exceeds the presumptive range of two to four years plus one year of parole established by § 18–1–105(1)(a), C.R.S.1973 (1980 Cum.Supp.), for the offense of second degree burglary of a building. The sentence was required to be served consecutively with whatever sentence might be imposed subsequently in a case then pending in another courtroom.

On March 25, 1980, defendant entered a plea of guilty pursuant to a written plea agreement. The agreement expressly stated that defendant was subject to a sentence in excess of the presumptive range prescribed by the General Assembly for the offense in question. Upon inquiry by the trial court at the providency hearing, defendant indicated that he had sustained two prior felony convictions.

The trial court's written order, containing its findings and conclusions respecting the sentence imposed was entered subsequent to the sentencing hearing, *nunc pro tunc* to the date of the hearing. The presentence report revealed that defendant had sustained six prior felony convictions, not two. It also revealed that both the offense to which defendant had entered his guilty plea in the case and another offense were committed while defendant was on parole from a sentence previously imposed. The trial court considered defendant's "history of criminal behavior," as detailed in its written findings, to constitute extraordinary aggravating circumstances justifying sentence in excess of the presumptive range.

As part of the plea agreement here, defendant agreed that he was subject to sentencing outside the presumptive range of two to four years provided by the General Assembly for this class of offense. Furthermore, defendant's history of criminal behavior, as found specifically by the trial court, included the fact that defendant committed the present offense while on parole status. In these circumstances, we conclude that the record contains evidence to support the trial court's finding of extraordinary aggravating circumstances surrounding the offense and the offender. Hence, the imposition of a sentence in excess of the presumptive range is approved.

Defendant contends on adversary appeal that the trial court erred in imposing a sentence to be served consecutively with whatever sentence might be imposed in another case. We agree.

A sentencing court has discretion to impose a sentence to be served concurrently with or consecutively to a sentence already imposed upon a defendant. *People*

*v. Edwards,* 198 Colo. 52, 598 P.2d 126 (1979). Furthermore, the trial court may consider any evidentiary matter brought to its attention which might assist it in the art of creating an appropriate sentence in a particular case. *See People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975). However, upon review of a sentence, an appellate court must consider, *inter alia,* "the sufficiency and accuracy of the information on which it was based." Section 18–1–409(1), C.R.S.1973 (1980 Cum.Supp.). Speculation or conjecture regarding possible future facts is not accurate information upon which a sentence may be crafted. *See State v. White,* 41 Md.App. 514, 397 A.2d 299 (1979).

 In determining the length of time a particular defendant should be incarcerated, a trial court may, of course, consider the fact, if it be a fact, that such defendant is already subject to another sentence. *See People v. Duran, supra.* In this case, however, the trial court had no information before it to indicate the length of time defendant might be required to serve in the second case. Any estimate of the length of the subsequent sentence by necessity would be speculative and conjectural—certainly not accurate evidence upon which to base the sentence at hand. We conclude that a trial court may not require a sentence otherwise properly imposed to be served consecutively to some other sentence not yet imposed in another pending case.

The People argue that the issue here decided is moot because in the "second" case, the trial court imposed a sentence to be served consecutively to the sentence here imposed. Such circumstance illustrates the wisdom of the requirement by the General Assembly that sentences must be based on accurate evidence. Assuming the People's statement to be true, we note that defendant either could never complete the combined "consecutive" sentences imposed upon him or, more probably, could never begin to serve either one, because each is dependent on the fact that the other is the first to commence. Such Lilliputian paradox will be avoided by the rule here announced.

Issues respecting the second case are not before us, as the People also emphasize.

 There is no merit to defendant's contention that the filing of the trial court's written findings and conclusions subsequent to the imposition of sentence invalidate the sentence. The subsequent written order, entered *nunc pro tunc* to the date of the sentencing hearing, fully complies with the provisions of the sentencing statute then in effect.

The sentence is approved insofar as it exceeds the presumptive range. The cause is remanded with directions to amend the judgment and mittimus in conformity with this opinion.

KELLY and TURSI, JJ., concur.