The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Richard Ben ESPINOZA, Defendant-Appellee.

No. 82SA133.

Supreme Court of Colorado, En Banc.

July 11, 1983.

Norman S. Early, Jr., Dist. Atty., Second Judicial Dist., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., William P. Buckley, Chief Deputy Dist. Atty., Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

ERICKSON, Chief Justice.

The defendant was tried and convicted by a jury of first degree sexual assault. Section 18–3–402, C.R.S.1973 (1978 Repl.Vol. 8). A motion for judgment of acquittal was denied, but defense counsel's motion for a mistrial based upon prosecutorial misconduct was granted. When the matter was set for retrial, defense counsel asserted that the double jeopardy provision of the Fifth Amendment to the United States Constitution foreclosed a new trial. The district court agreed and dismissed the case. This appeal was taken from the order dismissing the charges. We reverse the trial court, reinstate the information charging first degree sexual assault, and remand for a new trial.

I.

Richard B. Espinoza was arrested and charged with the first degree sexual assault of a fifteen-year-old girl. In addition to the assault charged, defendant, who was the uncle of one of the victim's friends, was also alleged to have committed prior sexual assaults upon the victim when she was "twelve- or thirteen-years-old." The victim had testified concerning that incident and other alleged sexual assaults. After hearing this testimony, the court ruled that testimony concerning the prior sexual assaults would be admissible at trial. The matter proceeded to trial, and in his opening statement, the district attorney told the jury that the victim would testify that on

the day of the assault charged she was afraid to accompany the defendant because of the earlier sexual episode.

On the second day of trial the court was informed of an inadvertent error by the prosecutor concerning the date of the alleged prior assaults on the victim. New information offered by defense counsel showed that the alleged assaults occurred two or three years earlier than the date stated by the victim and the district attorney.

Defense counsel made an oral motion *in limine* asking the court to prohibit the district attorney from questioning the victim concerning prior contacts. The prosecutor objected, arguing that the testimony was true despite the victim's mistake as to the exact dates the assaults occurred. In response to the defendant's motion, the court reversed its preliminary ruling and foreclosed reference to the prior assaults based upon the court's finding that they were too remote to be used at trial.

The prosecutor then moved for a mistrial on the ground that the court's ruling diminished the prosecutor's credibility with the jury and that his case was therefore irretrievably damaged by the ruling. Defense counsel objected, asserting that a cautionary instruction to the jury would eliminate any prejudice to the defendant arising out of the court's ruling. Defense counsel also argued that the statements only became prejudicial to the prosecution because the court subsequently reversed its prior ruling on admissibility of the testimony. The prosecutor's statements were characterized by the defense as an "honest oversight." In denying the prosecution's motion for mistrial, the court stated that the jury was not likely to consider the credibility of the prosecutor in determining the issues in the case, and specifically found an absence of bad faith by the prosecutor.

After the trial was concluded, defense counsel moved for judgment of acquittal. The court denied the request and defense counsel then moved for a mistrial on the ground that the cautionary instructions were not sufficient to overcome the prejudice resulting from the prosecutor's comments in his opening statement. Defense counsel's arguments were contrary to those he made in response to the prosecution's earlier request for a mistrial. The defense motion was taken under advisement and the issue of guilt was submitted to the jury.

The defendant was found guilty of first degree sexual assault. The court then granted the defendant's motion for mistrial and set the matter for retrial. On the day set for retrial, the defendant, without prior notice, moved for dismissal on grounds of double jeopardy. Despite the court's earlier determination of good faith on the part of the prosecution, the court granted defense counsel's motion to dismiss. The court's ruling was based upon a finding of prosecutorial overreaching or bad faith based upon the negligence of the prosecutor. We disagree with the district court's ruling.

## II.

The question presented for review is whether the alleged misconduct of the district attorney at trial provides a basis for a claim of double jeopardy upon retrial of the defendant. The United States Supreme Court has set forth a variety of standards for determining whether prosecutorial or judicial misconduct requires imposition of the bar of double jeopardy. *See, e.g., United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977). The prosecutorial conduct in this case, however, does not violate any of the double jeopardy limitations developed by the Court.

■ The protection afforded a defendant under the Double Jeopardy Clause of the Fifth Amendment focuses upon the need to limit the government's opportunity to reprosecute a defendant:

"The State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a con-

tinuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976) (quoting *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957)). Accordingly, one of the principal rights embodied in the double jeopardy clause is the defendant's "valued right to have his trial completed by a particular tribunal." *United States v. Dinitz,* 424 U.S. at 606, 96 S.Ct. at 1079; *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949).

 A mistrial declared without the consent and over the objection of the defendant invokes double jeopardy protection to bar retrial unless "manifestly necessary" to preserve the public interest in a fair trial and a just verdict. *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); *People v. Baca,* 193 Colo. 9, 562 P.2d 411 (1977); *Espinoza v. District Court,* 180 Colo. 391, 506 P.2d 131 (1973). When a defendant seeks termination of the proceedings against him on a basis unrelated to factual guilt or innocence, he suffers no injury cognizable under the double jeopardy clause if the government is allowed to retry the case. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). The defendant's motion for a mistrial is generally considered to operate as a waiver of the protection afforded him under the double jeopardy clause. *United States v. Dinitz, supra.*

The United States Supreme Court has recognized that the "waiver" rule may be inapplicable when the defendant, due to prosecutorial or judicial misconduct, is left with no choice but to request a mistrial. *United States v. Dinitz, supra; United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Jamison,* 505 F.2d 407 (D.C.Cir.1974). In such a case, a defendant's valued right to have his trial completed by the first jury would be little more than an empty guarantee. *Ore-*

*gon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

In *United States v. Dinitz, supra,* the Court held that double jeopardy bars retrial where successive prosecutions are brought to harass the accused. The Court condemned successive prosecutions or the use of mistrial to afford the prosecution a more favorable opportunity to convict the defendant. In *Dinitz,* the defendant sought a mistrial after the trial court dismissed his attorney for making an improper opening statement. Before his second trial, the defendant moved to dismiss the charges on grounds that the retrial would violate the double jeopardy clause. The trial court denied the motion. The Supreme Court rejected the defendant's double jeopardy claim, concluding that the trial court acted in good faith in denying the motion. As in *Dinitz,* there is no evidence that the defendant in this case was harassed or coerced into requesting a mistrial.

In this case, the prosecutor's remarks during his opening statement were in good faith and were based upon an earlier ruling that the evidence would be admissible. Our conclusion is supported by *People v. Ortiz,* 196 Colo. 438, 586 P.2d 227 (1978), where we found that a trial court did not act in bad faith even though it admitted prejudicial evidence which resulted in a mistrial. In *Ortiz,* as here, the information which rendered the previous testimony inadmissible did not surface at the preliminary hearing. *See also United States v. Nelson,* 582 F.2d 1246 (10th Cir.1978) (the fact that the prosecution knew in advance the substance of prejudicial testimony was not a sufficient showing of bad faith to bar retrial).

 Simple negligence is not enough to bar retrial of the defendant. *United States v. Jorn, supra.* Judicial or prosecutorial error is the common predicate for most orders granting a mistrial. It must be shown not only that there was error, but that the error was committed for the purpose of provoking or forcing the defendant to move for a mistrial. *Divans v. California,* 434 U.S. 1303, 98 S.Ct. 1, 54 L.Ed.2d 14

(1977); *United States v. Leonard,* 593 F.2d 951 (10th Cir.1979).

The United States Supreme Court in *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), applied a more stringent test to double jeopardy claims based on official misconduct. *Oregon v. Kennedy* was, in our view, intended to eliminate the confusion created by *Dinitz,* which required a showing of bad faith, and *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977), which implied that overreaching alone may bar retrial. *Oregon v. Kennedy* bars retrial only if prosecutorial or judicial misconduct giving rise to the mistrial was intended to provoke the defendant into moving for mistrial. *See also United States v. Scott, supra; Divans v. California,* 434 U.S. 1303, 98 S.Ct. 1, 54 L.Ed.2d 14 (1977).

 In *People v. Baca,* 193 Colo. 9, 562 P.2d 411 (1977), we held that prosecutorial misconduct did not provide a basis for a claim of double jeopardy in the absence of evidence that the prosecutor was attempting to save his case for another day by triggering a mistrial. In *Baca,* the defendant's motion for mistrial was premised on prosecutorial error which prejudiced the defendant's case. The prosecutor abandoned his effort to question a witness after objections by defense counsel were sustained. The trial court found that the abandonment left inferences and innuendos which were prejudicial to the defendant. However, as in the instant case, prejudice caused by prosecutorial error is not enough to bar a retrial. As we stated in *Baca:*

> "[W]hile the nature and gravity of the error may be relevant to the motivation of the party committing the error, or may give additional weight to a finding of bad faith the crucial focus must remain upon that motivation."

193 Colo. at 14, 562 P.2d at 414. *See also People v. Ortiz, supra.*

The record in this case does not support a finding of prosecutorial misconduct animated by an intent to cause a mistrial. Moreover, there is no evidence of bad faith or overreaching by the prosecutor. In response to the prosecutor's motion for mistrial, the court specifically found no bad faith or intent by the prosecution to introduce prejudicial error. Even the defense counsel characterized the prosecutor's statements as an "honest oversight." A fair reading of the record indicates that the prosecutor's reference to the alleged prior assaults was made in reliance upon the court's prior ruling of admissibility. Thus, we cannot conclude that the prosecutor's conduct in this case was based on improper motivation, bad faith or overreaching in an attempt to trigger a mistrial. *See People v. Baca.* The trial court's determination in this case focused on Fifth Amendment standards and not on Article II, section 18 of the Colorado Constitution. Accordingly, we need not review our decisions interpreting the Colorado Constitution.

In light of the trial court's findings, there is no basis for the defendant's contention that retrial is barred on double jeopardy grounds. Accordingly, the trial court's judgment is reversed and the case is remanded with directions to proceed to trial.