**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Timothy BATTLE, Defendant-Appellant.**

**No. 85CA0785.**

Colorado Court of Appeals, Div. I.

March 26, 1987.

Rehearing Denied April 16, 1987.

Certiorari Denied (People) Sept. 8, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Timothy Battle, appeals the denial of a motion denominated a petition for writ of habeas corpus in which he requested withdrawal of a detainer lodged against him. We are without jurisdiction to entertain appeals from writs of habeas corpus. Section 13–4–102(1)(e), C.R.S. However, because of the relief requested, we conclude that defendant's petition is, in fact, a motion provided for by Crim.P. 35(c). We reverse.

In October 1982, defendant was convicted of third degree assault, a class one misdemeanor, and was sentenced to two years in the county jail. Subsequently, that same day, but by a different court,

defendant was sentenced to a period of one year and eight months in the Colorado Department of Corrections (Corrections Department), as the penalty for a felony conviction of conspiracy to commit second degree forgery. The latter court ordered the felony sentence to be served consecutively with the misdemeanor sentence.

In December 1982, defendant was mistakenly transferred to the Corrections Department before he had completed his misdemeanor sentence in the county jail.

In March 1983, defendant was returned to the first sentencing court, and was then sentenced to twelve and one-half years in the Corrections Department for a conviction of solicitation to commit first degree murder. The court ordered this sentence to run consecutively with all previously imposed sentences. At that time, the Corrections Department requested that the misdemeanor judgment and mittimus be amended to allow defendant to serve the remainder of his misdemeanor sentence at the Corrections Department. The court made the amendment, and ordered the remaining misdemeanor time to be served consecutively with the felony sentences.

However, recognizing that a misdemeanor sentence could not be served consecutively to a felony sentence at the Corrections Department, *see People v. Green,* 734 P.2d 616 (Colo.1987), the court again amended the judgment and mittimus. This amendment ordered the remainder of the misdemeanor sentence to be served in the county jail consecutively with the felony sentences defendant was currently serving at the Corrections Department.

Thereafter, appropriate steps were taken to place a hold on defendant so that he would be returned to the county jail after the completion of his felony sentences. Although there were no unresolved pending charges against the defendant, the hold was fashioned in the form of a "detainer."

In April 1985, defendant filed a "petition for writ of habeas corpus ordering withdrawal of detainer." After a hearing, the trial court denied the petition.

Subsequently, in May 1985, defendant also filed a motion for reconsideration of a 1984 Crim.P. 35(c) ruling on the same subject. That motion was denied without a hearing. Whereupon, defendant filed his notice of appeal regarding both motions on May 29, 1985.

Defendant contends that the trial court lacked authority to amend the judgment and mittimus. We agree.

In *People v. Flower,* 644 P.2d 64 (Colo. App.1981), *aff'd,* 658 P.2d 266 (Colo.1983), we held that:

"[A] trial court may not require a sentence otherwise properly imposed to be served consecutively to some other sentence not yet imposed in another pending case."

Thus, it is apparent that in the present case, the trial court would have lacked authority in the first instance had it imposed the misdemeanor sentence to run consecutively with the subsequently imposed felony sentence. This being so, we must determine whether the trial court possessed authority to alter the judgment and mittimus so that it had the same effect as imposing a consecutive sentence to the subsequently imposed sentence in a separate action.

Although we find no case law specifically addressing the issue before us in regard to consecutive sentences, we adopt the rationale of those authorities in which a mistaken transfer interrupted a sentence which was not consecutive.

In *White v. Pearlman,* 42 F.2d 788 (10th Cir.1930), cited with approval in *Watson v. Enslow,* 183 Colo. 435, 517 P.2d 1346 (1974), the defendant was committed to a term of five years. He was mistakenly released prior to completing his sentence, and remained at liberty for nearly two years. When the mistake was discovered, defendant was returned to prison and reincarcerated for the remainder of his five year sentence. In determining that defendant was entitled to credit for the time he was at liberty, the court held that, absent some fault on the part of the prisoner, he was entitled to serve his sentence in a continuous manner.

■ Thus, in the case before us, absent some fault on his part, defendant was entitled to serve his misdemeanor sentence in an uninterrupted manner. The mistaken transfer by the sheriff should not have suspended the running of his misdemeanor sentence. Accordingly, because defendant's misdemeanor sentence has expired, the trial court improperly altered the judgment and the mittimus to require defendant to serve his misdemeanor time consecutively with his felony term.

The order denying defendant's motion is reversed and the cause is remanded with directions that defendant be given credit for having served his misdemeanor sentence.

TURSI and CRISWELL, JJ., concur.