**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Raymond Lloyd BALL, Defendant–Appellant.**

**No. 88CA1711.**

Colorado Court of Appeals, Div. III.

Sept. 26, 1991.

Rehearing Denied Nov. 7, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Sally S. Townshend, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Raymond Lloyd Ball, appeals the judgment of conviction of conspiracy to commit second degree burglary of a controlled substance, third degree criminal trespass, conspiracy to commit tampering with physical evidence, and tampering with physical evidence, as well as the sentence imposed upon him. We affirm the conviction, but vacate the sentence imposed and remand for re-sentencing.

Defendant's convictions resulted from a second trial of the charges asserted against him. While he was convicted of the same charges in a first trial, those convictions were later set aside by the trial court because of prosecutorial misconduct.

## I.

Defendant first argues that the prosecutorial misconduct during his first trial required imposition of the double jeopardy bar to retrial. We disagree.

During the first trial, the People called an alleged co-conspirator as one of its witnesses. At a recess in the testimony, however, the prosecutor engaged in a heated exchange with this witness. The trial court found that statements made by the prosecutor constituted a threat to this witness to have the witness' previously bargained plea set aside. While the trial court denied defendant's contemporaneous motion for a mistrial, it granted defendant's post-trial motion for a new trial, based on this and other incidents.

A defendant's motion for a mistrial generally operates as a waiver of his constitutional protection against retrial under the double jeopardy clause. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *People v. Baca*, 193 Colo. 9, 562 P.2d 411 (1977).

However, if the prosecutorial misconduct is designed to provoke a mistrial, defendant's motion will not, under such circumstances, result in a waiver. *People v. Espinoza*, 666 P.2d 555 (Colo.1983). In order for double jeopardy to attach in such cases, the record must support a finding that the prosecutorial misconduct resulted from "improper motivation, bad faith, or overreaching in an attempt to trigger a mistrial." *People v. Espinoza, supra. See People v. Baca, supra.*

Here, there was no finding by the court that the conduct engaged in by the prosecutor was designed to provoke a mistrial, nor was there any evidence that the prosecutor was motivated by a desire to inject error into the proceedings. Rather, the prosecutor's informal comments to the witness were the spontaneous results of the prosecutor's good faith belief that the witness was not being completely candid in his testimony. Hence, there was no basis to conclude that the prosecutor's misconduct required dismissal of the charges. *See People v. Espinoza, supra.*

## II.

■ Defendant next argues that the trial court erred in denying his motion to suppress evidence obtained during the investigatory stop of his vehicle. Again, we disagree.

The trial court found that the discovery of a CB radio in the possession of one of the burglary suspects justified the belief by the arresting officers that there was another person involved. In addition, unlike others parked in the vicinity, two vehicles near the burglary had no frost on their windshield, indicating they had not been there long. One of these vehicles was connected to a suspect apprehended at the scene, and the other one belonged to defendant.

These circumstances constituted sufficient information from which a police officer could form a reasonable belief that defendant was connected with the attempted burglary so as to justify an investigatory stop of him. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971).

■ After defendant was stopped, the contradictory responses he gave to police questioning, combined with the need to obtain a further report on a co-suspect, justified prolonging the detention of defendant for 24 minutes. Thus, the stop was reasonably related to the limited purpose of ascertaining the prior actions and possible involvement of defendant. *See People v. Hazelhurst*, 662 P.2d 1081 (Colo.1983).

## III.

■ We also disagree with defendant that the use of the co-conspirator's testimony from defendant's first trial constituted plain error.

The same witness whom the trial court found had been the subject of threatening statements by the prosecutor in the first trial also testified at defendant's subsequent re-trial. On cross-examination, defense counsel questioned this witness concerning the attempted prosecutorial harassment, and both counsel questioned the witness concerning any pressure upon him from the district attorney's office to give favorable testimony for the People.

Defendant argues that, since the grant of a new trial was based, in part, upon the trial court's finding that the prosecutor improperly attempted to influence this witness in the first trial, his testimony at the first trial was not "voluntary" and, thus, should be barred as untrustworthy.

Under CRE 613, a witness may be impeached with his prior inconsistent statements. There is no requirement that, before permitting counsel to cross-examine a witness about any prior statement, the trial court first determine that the prior statement was "voluntary."

Here, a proper foundation for the questioning was established by asking the witness if he remembered making the statements before confronting him with them. *See Transamerica Insurance Co. v. Pueblo Gas & Fuel Co.*, 33 Colo.App. 92, 519 P.2d 1201 (1973). The witness testified at some length concerning the circumstances under which his former testimony was given. Thus, he had ample opportunity to explain or deny the validity of his previous statements. We conclude, therefore, that the trial court properly permitted the use of the witness' former testimony for impeachment purposes.

## IV.

■ Defendant next contends that the trial court erred by allowing the prosecutor to impeach a witness whose testimony was read at trial with prior inconsistent statements that the witness had made to a police detective. Because the witness did not testify at trial, defendant argues, the requirement that he be confronted with his previous statement and offered an opportunity to explain the apparent inconsistency was not met. We disagree.

At defendant's first trial, one witness testified concerning defendant's comings and goings from a motel on the night of the burglary. At defendant's second trial, this witness was unavailable. Hence, pursuant to CRE 804(b)(1), the People, over

defendant's objection, had a transcript of his testimony from the first trial read into the record. Later in the trial, the People also had admitted, over defendant's objection, the testimony of a police detective, who testified as to inconsistent statements made by this witness.

Defendant argues that the evidence of the prior inconsistent statements was improperly offered for impeachment purposes because the witness could not first be confronted with those prior statements as required by CRE 613. However, CRE 806 creates a specific exception to this foundation requirement of CRE 613. That rule states:

> "When a hearsay statement ... has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with his hearsay statement, *is not subject to any requirement that he may have been afforded an opportunity to deny or explain.*" (emphasis supplied)

*See King v. People,* 785 P.2d 596 (Colo. 1990) (fn. 5); *People v. Freeman,* 739 P.2d 856 (Colo.App.1987).

The prior testimony of this witness was admitted pursuant to CRE 801(d)(1); it constituted "hearsay" under CRE 801(c), but such testimony was admissible under an exception to the general rule excluding hearsay. Since the court had admitted such a hearsay statement, CRE 806 specifically authorized prior statements of the declarant to be offered.

## V.

■ We also conclude that, while the trial court erred in allowing the prosecutor to engage in an improper closing argument, the error was not prejudicial.

In defendant's first trial, he was acquitted of the charge of second degree burglary. Hence, that charge was not a subject for consideration at his second trial.

Nevertheless, during the rebuttal portion of the prosecutor's final argument, the following colloquy took place:

> Prosecutor: "Now, Ray Ball is not charged with the crime of second degree burglary. There's a good argument that he actually committed that crime."

> Defense Counsel: "I'm going to object to this. There's no argument that he was acquitted of that."

> Prosecutor: "I didn't say that he had actually committed this crime. I believe I said that there's a good argument that he actually committed this crime."

> Defense Counsel: "Your Honor, here he was arguing that Ray Ball committed burglary."

> Prosecutor: "There is a good argument."

After a sidebar conference, the argument continued:

> Prosecutor: "Like I said, there is a good argument that he actually committed the crime of second degree burglary of a controlled substance."

> Defense Counsel: "I'm going to object. This is totally improper."

> The Court: "All right. I'm afraid I'm going to allow him to go forward."

The court then advised the jury as follows:

> "The jury is advised that the charges [are] as set out in [the instructions] and that the reference to burglary is set out for definitional purposes. You should interpret the district attorney's argument in that manner. Defendant is not charged with burglary of a controlled substance."

The defendant argues that, by his comments, the prosecutor impermissibly conveyed the impression that he personally believed that the defendant was guilty of the crime charged. While we do not view these comments in that light, we agree that the comments were improper.

■ Once a jury has *acquitted* a defendant of a particular charge, there simply *cannot* be made a "good argument that he actually committed that crime," as the prosecutor averred. Further, since defendant was not charged with the crime to

which the prosecutor referred, whether he had committed that crime was irrelevant to the issues before the jury in this prosecution.

Hence, we conclude that the trial court erred in overruling defendant's objections to these comments and in not chastising the prosecutor for making these remarks.

However, the court's instruction to the jury emphasized that defendant was not charged with the offense to which the prosecutor referred, and it made clear that the jurors were not to consider that argument as implying that defendant had actually committed the crime of second degree burglary.

We must presume that the jurors heeded this instruction. *People v. Smith,* 620 P.2d 232 (Colo.1980). Under these circumstances, therefore, we conclude that the trial court's error in allowing such argument was not prejudicial.

## VI.

Finally, we agree with the defendant that the trial court erred in imposing a "split" sentence upon him.

 A prisoner who commences the service of a sentence is entitled to serve that sentence in an uninterrupted manner. *People v. Battle,* 742 P.2d 952 (Colo.App. 1987). *See Watson v. Enslow,* 183 Colo. 435, 517 P.2d 1346 (1974).

 Here, at the time of sentencing, defendant was serving a 32–year sentence as the result of a prior conviction. For his conviction of conspiracy to commit second degree burglary, the court imposed a sentence of 11 years. However, it directed that one-half of that 11–year sentence be served concurrently with, and the second half be served consecutive to, the 32–year sentence that he was then serving.

The result of the imposition of such a sentence will be that defendant will commence the service of this 11–year sentence, will serve five and one-half years of that sentence, and that sentence will then be interrupted while he completes serving the remainder of his present 32–year sentence. When he completes serving that 32–year sentence, he will then re-commence serving the last half of the 11–year sentence that the court imposed in this case.

Because of this interruption in the service of the sentence imposed, we conclude that the trial court lacked authority to require a portion of the sentence to be served concurrently and a portion to be served consecutively. *See People v. Battle, supra.* Consequently, defendant must be re-sentenced for his conviction of conspiracy to commit second degree burglary.

Defendant's conviction of conspiracy to commit second degree burglary of a controlled substance, third degree criminal trespass, conspiracy to tamper with evidence, and tampering with evidence is affirmed; defendant's sentence for conspiracy to commit second degree burglary of a controlled substance is vacated, and the cause is remanded to the trial court for resentencing on that conviction.

TURSI and PLANK, JJ., concur.