[No. 12081-3-III.   Division Three.   December 10, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. SYNTHIA A. KOOPMAN, *Appellant*.

*Eric M. Christianson* and *Scott & Schmidt,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* for respondent.

MUNSON, J. — Synthia Koopman appeals her conviction on charges of first and third degree rape of a child, third degree child molestation and unlawful imprisonment contending the court erred in denying her motion to suppress postarrest confessions.

Wyoming State Patrol Trooper Debra Sommerfeldt was patrolling Interstate 25 near Cheyenne when she saw a Nissan Sentra with Washington license plates pick up a hitchhiker on the interstate ramp. She called the license number in to radio dispatch and 2 minutes later received a reply indicating the car was connected with the disappearance of a Washington juvenile under suspicious circumstances. She caught up with the Sentra a few miles before the Colorado border, and after confirming the license number and calling for backup and assistance from the Colorado State Patrol, she activated her emergency lights and pulled the vehicle over several miles inside Colorado. The stop occurred about 8:30 p.m. on Saturday, July 20, 1991.

Trooper Sommerfeldt ordered the occupants out of the car. Once the Colorado backup officer arrived, she approached the driver who identified herself as Synthia Koopman and indicated the boy in the backseat was M.H. When told the reason for the stop was that M.H. had been reported miss-

ing, Ms. Koopman said she was the child's stepmother. She produced written permission from the mother to have the child with her. Radio dispatch then advised the officer that Ms. Koopman was the child's nanny and was expected to be in the Wenatchee, Washington, area; officers in Wenatchee were attempting to locate the child's mother.

Ms. Koopman indicated the problem could be resolved by talking with the child's mother. Ms. Koopman, the hitchhiker, and M.H. remained in the Nissan; the troopers remained in the trooper's vehicle. After an hour and 45 minutes the mother had not yet been found. Trooper Sommerfeldt suggested to Ms. Koopman they return to her headquarters in Wyoming, and Ms. Koopman agreed. The hitchhiker was permitted to leave. Shortly after arriving at the station house in Wyoming at 10:24 p.m., a Wenatchee police officer telephoned stating the mother had been located and wanted to press charges for kidnapping and auto theft. Ms. Koopman was formally arrested.

On July 22, after advising Ms. Koopman of her *Miranda* rights, which she waived, Laramie County Sheriff's Deputy Mike Hollenbach interviewed her. On July 23, after again being advised of her rights, Ms. Koopman made incriminating statements relating to sexual assaults. During a third interview with Deputy Hollenbach on July 28, Ms. Koopman again waived her *Miranda* rights and made incriminating statements.

Ms. Koopman was extradited to Washington where, on July 30, she spoke with Wenatchee Police Officer Mike Magnotti. After she was given *Miranda* warnings, she again made incriminating statements. Officer Magnotti prepared a written summary of the statements and Ms. Koopman signed the statement.

Ms. Koopman was charged with three counts of first degree rape of a child, RCW 9A.44.073; one count of child molestation in the third degree, RCW 9A.44.089; one count of third degree rape of a child, RCW 9A.44.079; and one count of unlawful imprisonment, RCW 9A.40.040(1). After

her motion to suppress evidence of her incriminating statements was denied, the case was submitted to the court on stipulated facts. She was found guilty on all counts and appealed.

Ms. Koopman contends the legality of her arrest in Colorado should be decided according to Washington law.

■■ The choice of law to be applied in determining the legality of criminal procedures followed in a jurisdiction other than the forum requires consideration of several factors. These factors include the legitimate interests of the parties; legitimate needs of law enforcement; protection of justified expectations; fairness to the parties; the ease with which the law of another jurisdiction may be ascertained; interests of certainty, predictability, and uniformity of result; and principles of comity. *United States v. Gerena*, 667 F. Supp. 911, 914-15 (D. Conn. 1987). Upon careful consideration of these factors, *Gerena*, at 920, held the legality of alleged improper police conduct should be determined by reference to the law of the jurisdiction in which the conduct occurred. We adopt the reasoning of *Gerena*, which harmonized the holdings of numerous state and federal cases. We apply the law of Colorado in determining the legality of Ms. Koopman's *Terry* stop[1] in Colorado and her subsequent removal to Wyoming.

Ms. Koopman also contends the law of Washington should be applied in determining the admissibility of evidence obtained as a result of an out-of-state arrest.

The rule in Washington is stated in *State v. Bonds*, 98 Wn.2d 1, 11, 653 P.2d 1024 (1982), *cert. denied*, 464 U.S. 831 (1983):

> Evidence obtained as a result of an unreasonable search or seizure must be suppressed. However, where evidence is obtained through an illegality which falls short of a violation of the defendant's constitutional immunity, and where no violation of this state's laws has occurred, we hold that balancing of the costs and benefits of exclusion is appropriate.

*See Gerena*, at 924-26.

---

[1]*Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).

Ms. Koopman contends her detention in Colorado exceeded the permissible scope of an investigative stop and constituted an unlawful arrest without probable cause.

Colorado recognizes the validity of an investigative stop when officers have a reasonable suspicion the person stopped has committed, or is about to commit, a crime. *People v. Hazelhurst*, 662 P.2d 1081 (Colo. 1983); *Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971). The purpose of the detention must be reasonable, and its scope and character must be reasonable in light of the purpose. *Hazelhurst*, at 1085.

Prior to stopping Ms. Koopman's car in Colorado, Trooper Sommerfeldt knew a vehicle with the same license plate was connected with the disappearance of a child in the state of Washington. These facts were sufficient to create a reasonable suspicion the person driving the car had committed or was committing a crime. The purpose of the stop was to ascertain whether the child was in the car and, if so, whether there was a lawful explanation for his presence hundreds of miles from his home. This purpose was reasonable.

Ms. Koopman argues the duration of the stop was unreasonable. The duration of an investigatory stop must be reasonable in light of its purpose of determining an individual's identity or obtaining an explanation of his behavior. *Hazelhurst*, at 1086. The individual's response and the need for additional investigation may justify prolonging the detention. *People v. Ball*, 821 P.2d 905 (Colo. Ct. App. 1991); *People v. Stevens*, 183 Colo. 399, 517 P.2d 1336 (1973). A longer detention is also permissible if the individual's consent is obtained. *Hazelhurst*, at 1086.

Here, Ms. Koopman's explanation, that she was the child's stepmother, conflicted with the officer's information that she was his nanny. She agreed it would be appropriate to wait until the mother could be contacted. Under these circumstances, the troopers might well have been guilty of dereliction of duty had they failed to detain the child until further investigation could be completed: "As we have so often held, we deal in this area with probabilities which are not technical but are actual and practical questions of everyday life

upon which reasonable and prudent men act." *Stevens*, at 406. When the possible kidnapping of a child, several states away from the point of detention, is suspected and the detainee is also seeking clarification of the child's status, the scope of a reasonable detention may be greater than a less vicious crime would justify. *See Brinegar v. United States*, 338 U.S. 160, 183, 93 L. Ed. 1879, 69 S. Ct. 1302 (1949) (Jackson, J., dissenting). The duration of Ms. Koopman's detention was reasonable.

Ms. Koopman contends her arrest was unlawful because (1) the Colorado statute does not authorize an investigatory stop by a peace officer from another state; (2) she was not a fleeing suspect; and (3) she was not afforded the hearing required by the statute.

Colorado law authorizes a peace officer from another state to arrest a fleeing suspect in Colorado, but requires that "without unnecessary delay" the person arrested be taken before a judge of a court of record.[2] Ms. Koopman has cited no authority which would render a *Terry* stop in Colorado illegal by reason of being conducted by a Wyoming police officer. She was not arrested in Colorado, merely subjected to an investigatory stop, so the statutory restrictions relating to arrest by a peace officer from another state do not apply. We note that immediately after this stop, a Colorado

---

[2] "(2) Any peace officer of another state who enters this state in fresh pursuit and continues within this state in fresh pursuit of a person in order to arrest him on the ground that he has committed a crime in the other state has the same authority to arrest and hold such person in custody as a peace officer of this state has to arrest and hold a person in custody.

"(3) Except as otherwise provided by law, if an arrest is made in this state by a peace officer of another state in accordance with the provisions of this section, he shall without unnecessary delay take the person arrested before the nearest available judge of a court of record. Such judge shall conduct a hearing for the purpose of determining the lawfulness of the arrest. If the judge determines that the arrest was lawful, he shall commit the person arrested to await the time provided by law for issuance of an extradition warrant by the governor of this state, or the waiver thereof, and shall set bail if the offense is bailable under the laws of the state of Colorado. If the judge determines that the arrest was unlawful, he shall order the discharge of the person arrested." Colo. Rev. Stat. § 16-3-104 (1986).

trooper was present. Had Ms. Koopman objected to the detention, the Colorado trooper could have continued the *Terry* stop.

Extradition laws relate to the duty of the states to deliver up fugitives upon proper demand. *White v. King Cy.*, 109 Wn.2d 777, 748 P.2d 616 (1988). The alleged fugitive's rights are limited to testing the validity of an arrest based on extradition law. *White*, at 780-81. Ms. Koopman was not arrested in Colorado, nor removed from that state pursuant to any extradition law or otherwise. Her allegation that she was deprived of a court hearing to determine the validity of such an arrest is without merit.

After her lawful investigatory stop in Colorado, she voluntarily returned to Wyoming and her subsequent arrest in Wyoming was supported by probable cause. Ms. Koopman's contention her incriminating statements should have been suppressed as the fruit of an unlawful arrest fail.

Ms. Koopman contends the advisement of rights, as required by *Miranda*, was defective because she was not told she had the right to have counsel present before and during interrogation. Nor was she told of her right to break off questioning at any time. No particular language is required to advise a suspect of the right to have counsel before and during interrogation. *Duckworth v. Eagan*, 492 U.S. 195, 106 L. Ed. 2d 166, 109 S. Ct. 2875 (1989); *United States v. Caldwell*, 954 F.2d 496 (8th Cir.), *cert. denied*, ___ U.S. ___, 121 L. Ed. 2d 32, 113 S. Ct. 65 (1992). The challenged advice, contained in written forms used by the Wyoming sheriff's deputy, expressly stated in part:

> You have the right to talk to a lawyer and *have him present with you while you are being questioned*. If you cannot afford to hire a lawyer, one will be appointed to represent you *before any questioning*, if you wish one.

(Italics ours.) The record establishes Ms. Koopman was sufficiently advised of her right to have counsel present before and during questioning.

She cites no authority for her claim she was entitled to be advised of her right to break off questioning at any time.

*United States v. Johnson,* 467 F.2d 630 (2d Cir. 1972), *cert. denied,* 413 U.S. 920 (1973) held no such advice was required. The Wyoming warnings were sufficient to apprise Ms. Koopman of her rights under *Miranda.*

Affirmed.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 121 Wn.2d 1012 (1993).