The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Vincent Joseph SPOTO, Defendant–Appellant.

No. 92CA2113.

Colorado Court of Appeals,
Div. C.

Nov. 4, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle,

Sr. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cecil L. Turner, Pueblo, for defendant-appellant.

Opinion by Justice HODGES.*

Defendant, Vincent Joseph Spoto, appeals the trial court's order denying his motion for post-conviction relief pursuant to Crim.P. 35(c). We affirm.

In 1985, defendant was convicted of first degree murder and was sentenced to life imprisonment. On appeal, the judgment of conviction was reversed by the supreme court. *People v. Spoto,* 795 P.2d 1314 (Colo. 1990). However, while his appeal was pending, defendant tried to escape from custody, was apprehended, and pled guilty to attempted escape. He was sentenced to three years incarceration for this offense, with the sentence to run consecutively to the life sentence imposed for the murder conviction.

Then, after his conviction was reversed, defendant pled guilty to second degree murder, was sentenced to 17 years, and was given credit for time served since 1984, when he was initially held on the first degree murder charge.

Subsequently, defendant filed a writ of habeas corpus. He claimed that, because his original sentence for first degree murder had been vacated and his subsequent sentence for second degree murder was concurrent with his sentence for escape, he had served his sentence and should be released. In a well-reasoned order, the trial court disagreed and, therefore, denied his motion. This appeal followed.

Defendant has improperly postured his claim in the nature of habeas corpus. However, since he has an adequate remedy under Crim.P. 35(c)(2)(VII), we will address his claim.

Relying on *People v. Flower,* 644 P.2d 64 (Colo.App.1981), *aff'd,* 658 P.2d 266 (Colo. 1983), defendant contends that a sentence cannot be ordered to be served consecutively to a sentence not yet imposed. Thus, he

concludes that because his sentence for first degree murder was vacated and his sentence for second degree murder was imposed after his attempted escape sentence, his sentence for attempted escape cannot be consecutive to the sentence imposed for second degree murder.

The People argue that the attempted escape sentence was consecutive to the life sentence he was serving at the time of his escape. The life sentence was subsequently vacated and replaced with a 17-year sentence that commenced on the day the defendant was apprehended on the original murder charge. Thus, the resentencing of the defendant was an event in a case which had been continuing since 1984. We agree with the People.

Section 18–8–208.1(1), C.R.S. (1986 Repl. Vol. 8B) provides:

> If a person, while in custody or confinement following conviction of a felony, knowingly attempts to escape from said custody or confinement, he commits a class 4 felony. The sentence imposed pursuant to this subsection (1) *shall* run *consecutively* with any sentences being served by the offender. (emphasis added)

■ The primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner,* 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And, the statute must be read and considered as a whole. *People v. District Court,* 713 P.2d 918 (Colo.1986).

■ The statutory language here provides that if a person convicted of a felony escapes from custody or confinement, the sentence imposed shall run consecutively with any sentences being served by the offender. The generally accepted and familiar meaning of

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

"shall" indicates that this term is mandatory. *People v. District Court, supra.*

▮ The defendant had been sentenced to life imprisonment when he attempted to escape. Accordingly, the trial court was required to impose a consecutive sentence to the sentence he was then serving for first degree murder.

Although the defendant was not technically serving the sentence imposed for second degree murder at the time of the escape attempt, a contrary interpretation of the statute would defeat the legislative intent in passing the statute. In enacting the statute at issue, the General Assembly intended that, if a prisoner escapes, or attempts to escape from custody or confinement, the prisoner shall receive an additional consecutive sentence as a means of deterring escapes. *People v. Andrews,* 855 P.2d 3 (Colo.App.1992).

Here, defendant attempted to escape from custody or confinement after his conviction for first degree murder. His sentence for first degree murder was vacated, not because he had not committed the crime but rather because evidence was improperly admitted at trial. His sentence for first degree murder was replaced with a sentence for second degree murder. Hence, the facts underlying his two convictions, one of which was reversed, had not changed. Therefore, imposition of the consecutive sentence for the attempted escape charge is consistent with the policy and purpose manifested by the statutory scheme. *See People v. Green,* 734 P.2d 616 (Colo.1987).

*People v. Flower, supra,* is distinguishable on its facts. In *Flower,* the court was not dealing with an escape charge that required that the sentence imposed be consecutive. The facts in this case are unique.

Accordingly, the trial court did not err in denying defendant's motion for post-conviction relief.

Order affirmed.

NEY and SMITH, JJ., concur.

