22CA2203 Peo v Merriweather 07-17-2025

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 22CA2203
Weld County District Court No. 20CR714
Honorable Allison J. Esser, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Devonte Jordan Merriweather,

Defendant-Appellant.

_____

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Brown and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 17, 2025

_____

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kira L. Suyeishi, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Devonte Jordan Merriweather, appeals the order denying his Crim. P. 35(a) motion to correct an illegal sentence. We reverse the order and remand the case with directions.

## I.    Background

¶ 2    In 2020, Merriweather pleaded guilty to attempted second degree assault in this case — Weld County Case No. 20CR714 (the Weld case). The district court sentenced him to four years in community corrections.

¶ 3    Merriweather's community corrections placement was later terminated based on violations of the terms of his placement, including new charges filed in Larimer County Case No. 21CR1916 (the Larimer case).

¶ 4    In April 2022, Merriweather pleaded guilty in the Larimer case and stipulated to an eight-year sentence in the custody of the Department of Corrections (DOC), to "run consecutive" to his sentence in the Weld case. In May 2022, the Larimer district court sentenced him to an eight-year DOC sentence, consecutive to the sentence in the Weld case, as stipulated in the plea agreement.

¶ 5    A few months later, in July 2022, the district court resentenced Merriweather in the Weld case. It imposed a four-year

DOC sentence and ordered the sentence to run concurrent with the sentence in the Larimer case. Merriweather immediately began serving his sentence.

¶ 6 After the DOC sought clarification about Merriweather's sentence, the Weld district court ordered a new sentencing hearing. At that hearing , the court concluded that because Merriweather had stipulated to a consecutive sentence in the Larimer case, it didn't "have any discretion" to run the sentence in the Weld case concurrent to the sentence in the Larimer case. The court then issued an amended mittimus running the sentence in the Weld case consecutive to the sentence in the Larimer case.

¶ 7 Merriweather filed a Rule 35(a) motion challenging the legality of the consecutive sentence. The court denied the motion.

## II. Discussion

¶ 8 Merriweather appeals the order denying his Rule 35(a) motion, arguing that the Weld district court had no authority to increase his concurrent sentence to a consecutive sentence.

## A.    Standard of Review

¶ 9    We review de novo the legality of a sentence and the summary denial of a Rule 35(a) motion. *People v. Tennyson*, 2023 COA 2, ¶ 9, *aff'd*, 2025 CO 31.

## B.    The Concurrent Sentence Was Legal

¶ 10    First, we consider whether the Weld district court had authority to impose a concurrent sentence when it resentenced Merriweather in the Weld case in July 2022.

¶ 11    A sentencing court generally "has discretion to impose a sentence to be served concurrently with or consecutively to a sentence already imposed" in another case. *People v. Flower*, 644 P.2d 64, 65 (Colo. App. 1981), *aff'd*, 658 P.2d 266 (Colo. 1983); *see also People v. Lucero*, 772 P.2d 58, 59 n.1 (Colo. 1989) (approving this language from *Flower*). Indeed, unless a statute strips a court of its discretion "to sentence either concurrently or consecutively," a court is "required to exercise that discretion." *Marquez v. People*, 2013 CO 58, ¶ 21.

¶ 12    The Weld district court was not statutorily stripped of its discretion when it resentenced Merriweather in July 2022. To the contrary, the district court was statutorily authorized to "consider

3

any sentencing alternative originally available" when resentencing Merriweather after his termination from community corrections. § 18-1.3-301(1)(g), C.R.S. 2024.  Thus, the Weld district court acted within its discretion when it resentenced Merriweather in the Weld case and ran that sentence concurrent to the sentence in the Larimer case.

¶ 13    We are not persuaded otherwise by the People's argument that the plea stipulation in the Larimer case somehow divested the Weld district court of its discretion when it resentenced Merriweather. Sentencing courts are not bound by stipulations in a plea agreement, let alone a plea agreement in a separate case in another jurisdiction.  *See People v. Mazzarelli*, 2019 CO 71, ¶ 20 (noting that a sentencing court "is free to accept or reject" sentence recommendations and that a court must "exercise independent judgment in imposing a sentence" under a plea agreement).  Thus, the Larimer plea agreement did not restrict the district court's sentencing discretion in the Weld case.

¶ 14    We are equally unpersuaded by the People's argument that this case is analogous to *People v. Spoto*, 865 P.2d 907 (Colo. App. 1993).  *Spoto* doesn't apply because, in that case, the sentencing

4

court was not stripped of its discretion by the terms of a plea agreement; rather, it was stripped of its discretion by the escape *statute* that mandated a consecutive sentence when the defendant was later resentenced for his original offense. *Id.* at 909. The People point to no statute — and we are aware of none — that limited the district court's sentencing discretion in the Weld case.

¶ 15 Because the district court had discretion to impose a concurrent sentence in the Weld case, we conclude that the concurrent sentence imposed in July 2022 was legal.

C. The Court Lacked Jurisdiction to Increase the Sentence

¶ 16 We next consider whether the Weld district court had jurisdiction to change the concurrent sentence to a consecutive sentence.

¶ 17 During the July 2022 resentencing hearing, the parties agreed that the sentence in the Weld case should run concurrent to the sentence in the Larimer case. Indeed, the prosecutor confirmed that the sentences were concurrent and said, "[W]e're not asking to revisit that."

¶ 18 The People now argue that the concurrent sentence was based on this "erroneous assumption." While that may be true, when a

district court imposes a valid sentence, it loses jurisdiction to change the sentence, except under limited circumstances specified in Rule 35. *People v. Wiedemer*, 692 P.2d 327, 329 (Colo. App. 1984) (citing *Smith v. Johns*, 532 P.2d 49, 50 (Colo. 1975)), *abrogated on other grounds by Woo v. El Paso Cnty. Sheriff's Off.*, 2022 CO 56, ¶¶ 41-42; *see also People v. Heredia*, 122 P.3d 1041, 1043 (Colo. App. 2005).

¶ 19    More specifically, under Rule 35, a court may correct an illegal or unconstitutional sentence. *See* Crim. P. 35(a), (c)(2)(I). But a court "may not increase a lawful sentence after the defendant has begun serving it." *People v. Sandoval*, 974 P.2d 1012, 1015 (Colo. App. 1998). And "[c]hanging a sentence from concurrent to consecutive constitutes an increase in the sentence." *Id.*; *cf.* Crim. P. 35(b) (permitting a court to *reduce* a sentence on its own initiative). Such a sentence increase "is impermissible even if the court alters the sentence solely to conform to or clarify its original intent." *Sandoval*, 974 P.2d at 1015; *accord People v. Sellers*, 2022 COA 102, ¶ 35, *aff'd on other grounds*, 2024 CO 64; *cf. People v. Wood*, 2019 CO 7, ¶ 43 (noting that a district court may not substantively amend a sentence under Crim. P. 36).

¶ 20    Because the Weld district court imposed a legal concurrent sentence in July 2022, and because Merriweather was serving that sentence, the district court did not have jurisdiction to later change the concurrent sentence to a consecutive sentence. We therefore must reverse the order denying Merriweather's Rule 35(a) motion. *People v. Dillon*, 655 P.2d 841, 844 (Colo. 1982) ("[A]ny action taken by a court when it lacked jurisdiction is a nullity.").

## III.   Disposition

¶ 21    The order is reversed, and the case is remanded to the district court to vacate the consecutive sentence and reinstate the concurrent sentence.

JUDGE BROWN and JUDGE SCHOCK concur.